## M. J. MILLS ET AL. V. JOHN HACKETT.

(Case No. 2223)

1. SEQUESTRATION—RETURN OF PROPERTY—JUDGMENT—The defendant in a sequestration suit is allowed to tender to the proper officer, within ten days after judgment, the sequestered property in payment of its value, but a provision to that effect is not required to be inserted in the judgment itself. The defendant can avail himself of this privilege without any order of court.

2. SURETY ON REPLEVIN BOND—PARTY TO SUIT—COSTS—A person by becoming a surety on a replevin bond becomes a party to the suit, and is liable to have costs adjudged against him.

3. SAME—SEQUESTRATION—DISMISSAL OF SUIT AS TO DECEASED SURETY—JUDGMENT—The dismissal of a sequestration suit as to one of the sureties on the defendant's replevin bond, who has died pending the suit, and whose estate is insolvent, will not vitiate the judgment in favor of plaintiff. The court would have no power to release the deceased surety's estate from responsibility, and a dismissal of the suit as to him would not operate as such release.

APPEAL from Fort Bend. Tried below before the Hon. W. H. Burkhart.

This was a suit by sequestration, instituted by John Hackett, in justice court of Fort Bend county, against M. J. Mills, on July 18, 1881, to recover a certain mule described in the affidavit for sequestration, or for its value. The writ was executed July 19, 1881, and, on the following day, Mills replevied the mule, giving bond, with J. W. Blakely and H. M. Rose as sureties. On September 27, 1881, the case was tried in justice court, and judgment rendered for plaintiff. Defendant appealed to the county court, whence the cause was transferred to the district court, because of the county judge's disqualification. Pending the suit in the district court, the plaintiff filed a motion setting forth the death of H. M. Rose, one of the sureties on the replevin bond, and the insolvency of his estate, and praying leave of the court to dismiss as to such surety, whereupon the court made an order dismissing H. M. Rose from the replevin bond.

On April 11, 1885, the cause was tried in the district court, before a jury, resulting in a verdict in favor of plaintiff for $130, the value of the mule, and the further sum of $74.40, its hire from the date of the replevin bond. On this verdict the court rendered judgment against M. J. Mills and his surety, J. W. Blakely, for $204.40 and costs of suit. The defendants appealed.

On the trial, the defendants asked of the court the following special charge: "A substantial variance in brands is any difference in the formation of the brands that would indicate a different ownership of the property upon which such brands are placed, and if the jury believe, from the evidence, that the brand, as made in plaintiff's affi-

davit filed herein, is substantially different from the brand as proven, you will find for the defendant.''

The court refused this charge, and, instead, charged the jury as follows: "If you believe, from the evidence, that the mule in controversy is the property of the plaintiff, you will find for plaintiff, * * * unless you believe that there is a substantial misdescription of the mule in plaintiff's writ for sequestration, and in the writ and replevin bond, in which case you will find for the defendants.

There was some little conflict in the evidence as to whether the brand on the mule and the one set forth in the plaintiff's affidavit corresponded, but the animal was, in all other particulars, correctly described.

*Parker & Peareson,* for appellants, that the court erred in refusing special charge asked by appellants, cited : R. S., art. 4490, subd. 3 ; Morphy et al. *v.* Garrett, 48 Tex. 247 ; Heilbroner *v.* Hancock, 33 Tex. 715 ; 1 W. & W. Civil Cases, sec. 1235 ; Id., vol. 2, sec. 495.

That the court erred in rendering judgment for the value of the mule, without according to defendants the right to restore the property in satisfaction, they cited : R. S., art. 1339 ; Blakeley's Admrs. *v.* Duncan, 4 Tex. 184 ; Chatham *v.* Riddle, 8 Tex. 167 ; Sayles' Tex. Pr., sec. 754 ; Avery *v.* Avery, 12 Tex. 58; Joram *v.* Thomas, 34 Miss. 76.

That the court erred in rendering judgment against the surety, J. W. Blakely, for costs of suit, they cited : R. S., arts. 4499, 4500, 4501; Mills *v.* Billingly, 49 Tex. 170, 171.

That the court erred in permitting plaintiff to dismiss as to the surety H. M. Rose, they cited : R. S., art. 4498.

*R. H. Earnest,* for appellee, on the questions discussed, cited : Floyd *v.* Rice, 28 Tex. 341 ; Vaughen *v.* Warnell, 28 Tex. 119 ; Fort *v.* Barnett, 23 Tex. 460 ; Oliver *v.* Chapman, 15 Tex. 406 ; 1 W. & W., 1133; Tucker *v.* Hamlin, 60 Tex. 166 ; 2 Wilson's Cond. Rep., 373 ; Davis *v.* Loftin, 6 Tex. 489 ; Thompson *v.* Shannon, 9 Tex. 356 ; Hagerty *v.* Scott, 10 Tex. 525 ; 1 W. & W., 898; R. S., arts. 4501, 4502 ; Wrought Iron Range Co. *v.* Brooker, Tex. Law Rev., vol. 4, p. 196 ; Lockridge *v.* Baldwin, 20 Tex. 307 ; Sayles' Tex. Pr., 754 ; Avery *v.* Avery, 12 Tex. 58; 1 W. & W., 880; Horton *v.* Wheeler, 17 Tex. 52 ; White *v.* Leavitt, 20 Tex. 704; 2 Wilson's Cond. Rep., 730; R. S., arts. 1259, 1421.

WILLIE, CHIEF JUSTICE.—The court, in its general charge, instructed the jury to the effect that if there was a substantial mis-

description of the mule in the plaintiff's affidavit, they should find for the defendant. This properly left to the jury the question as to what was a substantial misdescription. This was a question of fact; and the court had no right to tell the jury that a variance between the brand described in the affidavit and that found upon the mule would amount to a misdescription, if the jury were satisfied that in all other particulars the animal was correctly described, and especially if the variance as to brands was accounted for to their satisfaction.

The dismissal as to Rose does not vitiate the judgment. The motion was to dismiss him from the suit because dead and his estate insolvent. The judgment seems to have been to dismiss him from the replevin bond. The court had no power to release his estate from responsibility, and a dismissal of the suit, as to him, did not operate as such release. This was doubtless the intention of the order, and was the entire extent to which it could go. The death of Rose, of course, released him from the bond, and as the heirs were not released by the order of the court, they are still bound, and the appellants are not prejudiced.

The judgment was properly rendered for the value of the mule and its hire, without any alternative provision that the defendant or his sureties might return the mule in satisfaction of its value, as assessed by the jury. The defendant is allowed to tender to the proper officer, within ten days after judgment, the property sequestered in payment of its value, but a provision to that effect is not required to be inserted in the judgment itself. The defendant can avail himself of it without any order of court.

By becoming a surety upon the bond Blakely became a party to the suit, and was liable to have costs adjudged against him. If the amount adjudged against him was more than he was legally liable for, he should have made a motion below to have the judgment corrected in this respect. This was not done; neither was the action of the court made one of the grounds for a new trial.

There is no error in the judgment and it is affirmed.

AFFIRMED.

[Opinion delivered February 26, 1886.]