## REEVES v. AVINA. (No. 806.)

(Court of Civil Appeals of Texas. El Paso. Feb. 28, 1918.)

1. SEQUESTRATION �851;⊐16—FINDING OF VALUE OF CHATTEL—NECESSITY.

In suit to recover title and possession of an automobile and in the alternative for the purchase price thereof, with foreclosure of lien, plaintiff suing out writ of sequestration under which the automobile was seized, but later replevied by defendant, the failure of verdict and judgment for plaintiff against defendant and the sureties on the replevin bond to find the value of the automobile was reversible error.

2. APPEAL AND ERROR ⊐301—QUESTIONS IN TRIAL COURT—NEW TRIAL—APPARENT ERROR.

Such failure was an error in law apparent on the face of the record requiring reversal, though not raised in the motion for new trial.

3. PAYMENT ⊐12(½)—REMEDY OF SELLER—PAYMENT OF PRICE—INVALID MEDIUM.

The purchaser of an automobile for $550, who engaged to pay with "Constitutionalists' money" at the rate of 20 cents on the dollar, impliedly warranted that the money paid by him was valid currency of the particular sort, and in the seller's action to recover title and possession of the car, and in the alternative for the price with foreclosure of lien, it is immaterial whether there were any representations as to the genuineness of the money.

4. TRIAL ⊐134—JURY QUESTION—ISSUE OF FACT.

If an issue of fact is raised as to any material question in the case, it must be submitted to the jury.

5. SEQUESTRATION ⊐16—PAYMENT IN COUNTERFEIT CURRENCY — EXCHANGE BY AGENT FOR VALID MONEY—RIGHTS OF BUYER.

Where the sale of an automobile was negotiated by an agent, and the buyer paid in counterfeit currency, and the seller paid his agent $100 therein, which the agent exchanged for an amount of United States currency, the buyer, when sued by the seller, can predicate no rights on the amount of United States currency received by the agent, since it is the duty of the seller to redeem the spurious money he delivered to the agent, who must likewise redeem the money from the party to whom he exchanged it.

Appeal from District Court, El Paso County; W. D. Howe, Judge.

Suit by I. Z. Avina against J. O. Reeves and others. From judgment for plaintiff, the named defendant appeals. Reversed and remanded.

C. W. Croom and Moore & Harris, all of El Paso, for appellant. W. M. Coldwell and Jos. U. Sweeney, both of El Paso, for appellee.

HIGGINS, J. [1] Appellee, Avina, sued Reeves to recover the title and possession of an automobile, and in the alternative for the purchase price thereof with foreclosure of lien. It was alleged that plaintiff was the owner of the automobile, and sold same to defendant for the sum of $550, but it was agreed that defendant, instead of paying current money of the United States, should pay what was known as Constitutionalists' money at the rate of 20 cents on the dollar; that the automobile was delivered to defend-

ant, and defendant delivered to plaintiff certain bills purporting to be Constitutionalists' money of the face value of $2,750, which defendant represented to be Constitutionalists' money; that plaintiff believed said representations, and, so believing, delivered the automobile to defendant; that said bills were counterfeit and of no value. Plaintiff sued out a writ of sequestration under which the automobile was seized, and the same was thereafter replevied by defendant. Upon trial a verdict was instructed in plaintiff's favor against the defendant and the sureties on the replevin bond in the sum of $550. In accordance with such instruction a verdict was returned, and judgment rendered in plaintiff's favor, and the defendant Reeves appeals. The verdict and judgment fails to find the value of the automobile which constitutes reversible error. Article 7107, Rev. Civ. St. 1911; Avery v. Dickson, 49 S. W. 662; Herrera v. Marquez, 182 S. W. 1143.

[2-4] This is an error in law apparent on the face of the record requiring a reversal, though not raised in the motion for a new trial. Hayes v. Furniture Co., 180 S. W. 149; Coward v. Sutfin, 185 S. W. 378; Banking Company v. Hamilton, 173 S. W. 1012. The next assignment complains of the instructed verdict upon the ground that there was a conflict in the evidence as to whether or not defendant made any representations concerning the genuineness of the Constitutionalists' money which he delivered to plaintiff in payment for the automobile. It makes no difference whether or not there were any representations made as to the genuineness of the money. The validity thereof was impliedly warranted. Kottwitz v. Bagby, 16 Tex. 656. The allegations concerning such representations should have been treated as surplusage, and it was not necessary to prove same. Another assignment complains of the peremptory instruction upon the ground that it was an issue of fact whether or not all of the money was counterfeit, and that as to such money, concerning which there was an issue, the matter should have been submitted to the jury. In view of a new trial we make no comment upon the probative force of the evidence. Of course, if an issue of fact is raised as to any material question in the case, the same must be submitted to the jury.

[5] It appears from the evidence that the sale of Avina's car was negotiated by an agent, and, in payment of the agent's commission, Avina paid the agent $100 of the spurious money, and the agent exchanged the money so received for $20 of United States currency. It is contended that it thus appears that Avina, to this extent, has sustained no injury by reason of the payment of the counterfeit money. This overlooks the fact that it is the duty of Avina to redeem the spurious money which he delivered to the

agent, and that it is the duty of the agent to likewise redeem the money from the party to whom he exchanged the same. The agent is liable to the party to whom he delivered the spurious money, and Avina in like manner is liable to the agent. We take it that no rights can be predicated in defendant's favor upon any part of this spurious money which he delivered in payment of the automobile. It would be a strange doctrine that would permit the circulator of counterfeit currency to in any wise profit by his action.

Reversed and remanded.