## JEMISON et al. v. ESTES. (No. 1229.)

(Court of Civil Appeals of Texas. El Paso. May 19, 1921.)

1. Trial ⊜⟳255(1)—Charge that jurors were exclusive judges of facts must be requested.

Failure to charge jurors that they were the exclusive judges of the facts proved, the credibility of the witnesses and the weight to be given to their testimony, held not reversible error, in absence of request for such instruction, since in absence of such request it will be presumed that the charge as given was satisfactory.

2. Appeal and error ⊜⟳544(1)—Court cannot consider propriety of giving charge, in absence of statement of facts.

In the absence of a statement of facts, the Court of Civil Appeals cannot pass on the propriety of giving a charge as to jurors being exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony.

3. Appeal and error ⊜⟳544(1)—Court will not pass on whether issues were fully submitted, in absence of statement of facts.

In absence of a statement of facts, the Court of Civil Appeals cannot say that the issues made by the pleading and the evidence were not fully submitted.

4. Trial ⊜⟳352(4)—Issue must be supported by evidence to be submitted.

To justify the submission of an issue of fact tendered by the pleading, it must be supported by the evidence.

5. Appeal and error ⊜⟳1062(1)—Error in submission of whether brokers were procuring cause immaterial, in view of finding that broker had no contract with owner.

In broker's action for commission, where the jury found that defendant did not list the land with broker for sale at the time and

⊜⟳For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

on the terms alleged, and did not agree to pay brokerage commission, and that if there had been such a listing the brokers had in effect abandoned the contract, any error in submission of whether brokers were the procuring cause of the sale of the land would be immaterial.

**6. Appeal and error** ⊜218(2)—**Failure to submit issue not available on appeal, in absence of request.**

Failure to submit issue is not available on appeal, in absence of request therefor.

Error from District Court, Midland County; W. P. Leslie, Judge.

Suit by J. M. Jemison and another against H. P. Estes. Judgment for defendant, and plaintiffs bring error. Affirmed.

Garrard, Baker & Russell, of Midland, for plaintiffs in error.

E. M. Whitaker, of El Paso, and J. M. Caldwell, of Midland, for defendant in error.

WALTHALL, J. J. M. Jemison and W. J. Moran sued H. P. Estes for $1,316, alleging, in substance, that Estes listed for sale certain real estate described at a price then agreed upon, and contracted with Jemison to pay him a commission of 5 per cent. upon his procuring a purchaser at a price of $8 per acre, on a patented basis; that Jemison assigned to Moran a one-half interest in the contract; that Estes knew of such assignment to Moran and acquiesced therein, in that he accepted the efforts of each of plaintiffs to sell the lands and made no objection thereto, and at all times during the negotiations for the sale of the lands Estes accepted efforts of each of plaintiffs, and is now estopped from setting up as a defense that the contract with Jemison could not be assigned. Plaintiffs alleged that they procured a purchaser for said lands in the person of Roy Parks, who was ready, willing, and able to buy said land, and who in fact did buy the lands at the price stated, alleged that they were the procuring cause of the sale by defendant to Parks, in that they brought the parties together, and for a long period of time carried on negotiations between Estes and Parks, carried Parks upon the property, pricing same to him, and did and performed things usually done in such instances, and alleged that Estes ratified the transfer of interest to Moran.

Estes answered by general demurrer, special exception, misjoinder of parties, general denial, specially denied that at the time of the sale of the property to Parks, plaintiffs, or either of them, were the agents for the sale of the lands, or had authority to offer same for sale; denied that either or both of plaintiffs were the procuring cause of the sale of the land; alleged that if plaintiffs, or either of them, ever offered said land for sale to Parks, said offer or attempt to sell occurred long prior to the sale by defendant, and that plaintiffs were unable to make said sale, and that, if any negotiations for the sale by plaintiffs had taken place, such negotiations had ceased, and that long thereafter Parks and defendant began new and independent negotiations which resulted in the sale of said lands to Parks, and that such sale was not through the efforts of plaintiffs. Defendant denied knowledge of any assignment of any interest in the contract by Jemison to Moran, and denied that he had ratified same.

The case was tried with a jury and submitted on special issues. On issues submitted by the court the jury found:

1. Estes did not contract and list with Jemison, on or about May 1, 1918, the lands described in the plaintiffs' petition, at the price and upon the terms therein alleged.

2. (a) Jemison thereafter transferred to Moran a one-half interest in said contract, in consideration of the efforts of Moran to assist in procuring a purchaser for said lands. (b) Estes did not know of and agree to such agreement and transfer between Jemison and Moran.

3. Neither Jemison and Moran, nor either of them, were the procuring cause of the sale of said lands to Parks.

4. Jemison and Moran discontinued efforts to sell the lands to Parks after the final closing of the Estes sale.

5. Jemison and Moran did not renew such efforts prior to the time Parks told Estes he would take the property at $8 per acre in case he could raise the money.

At the request of plaintiffs the court gave to the jury the following special charge:

"A procuring cause, as used in the sense of a real estate broker procuring for a client a purchaser, means the original discovery of the purchaser by the broker, and the starting of the negotiations by him, together with the final closing by or on behalf of his client with the purchaser, through the efforts of the broker; and such is true, although the negotiations are left to the owner and seller, after the purchaser was procured."

On the findings of the jury judgment was rendered for Estes. Plaintiffs below bring this case to this court by writ of error.

No statement of facts are found in the record. Plaintiffs in error claim that it is fundamental error—that is, error in law apparent on the face of the record—for the court to fail to instruct the jury that they were the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony.

[1, 2] In our opinion the matter complained of does not present fundamental error. It certainly could not be deemed affirmative error in the court's charge, in submitting to

the jury the law of the case, for the court not to tell the jury that they are the exclusive judges of the facts proved, the credibility of the witnesses, and the weight to be given to their testimony. Such charges inform the jury only as to their province, power, and duty, and may be properly given. If, however, the plaintiffs in error desired such charge to be given, they should have so requested, and, not having done so, it will be presumed that they were satisfied with the charge as given. In the absence of a statement of facts this court cannot pass upon the propriety of giving such a charge. The record does not present prejudicial error in the matter complained of. None of the cases referred to by plaintiffs in error are in point, and we need not review them.

The second specification of error complained of is that the court should have defined to the jury what was meant by the term "procuring cause." The record presented shows that the court gave a special charge requested by plaintiffs defining that term. As showing fundamental error, plaintiffs in error present the following proposition:

"The plaintiffs' petition seeking a recovery for a sale of defendant's lands under brokerage contract, and the defendant joining issue with him by allegation of abandonment of the part of plaintiffs, and the subsequent sale by the defendant without the assistance of the plaintiffs, it was fundamental error in advising the jury that the plaintiffs would be entitled to recover, if they were the procuring cause of the sale, even though the buyer and seller consummated their own trade, and the plaintiffs were not present at the time of the closing thereof."

[3-5] We are not quite sure that we get the real meaning intended to be conveyed by the proposition. Plaintiffs in error do not indicate in the proposition, nor in the statement thereunder, nor in the argument, the issue submitted of which they complain. The court submitted to the jury the issue as to whether plaintiffs in error or either of them were the procuring cause of the sale of the land, and in connection therewith submitted to the jury the requested special charge defining the term "procuring cause." While issues 4 and 5 are not quite clear in their meaning, the court in said two issues undertook to submit to the jury the facts pleaded in the seventh paragraph of the answer, to the effect that plaintiffs had been unable to consummate a sale to Parks, and had ceased their efforts to do so, and that thereafter Estes and Parks began new and independent negotiations resulting in a sale by Estes to Parks of the land. We might agree with plaintiffs in error that the real, determining issue in the case, as made in the petition, was not submitted to the jury, but not having a statement of the facts, we cannot say that the issues as made by the pleading and the evidence were not fully submitted. The pleading tenders the issue of fact, but to justify its submission it must be supported by the evidence.

The jury found under the first issue, practically, that Estes did not contract and list the land with Jemison for sale at the time and on the terms alleged, and did not agree to pay a commission on a sale, and under subsequent issues they found that if there was such contract and listing, plaintiffs in error had, in effect, abandoned such contract. If these issues were supported by the evidence it would be immaterial whether plaintiffs in error had found a purchaser ready, able, and willing to buy, and that he did buy, the land, and that they were the procuring cause of the sale. Dunn v. Price, 87 Tex. 318, 28 S. W. 681; Newell v. Lafarelle, 225 S. W. 853.

[6] We might add here that, if the court did not submit such issue as the pleading and the evidence disclosed by the record would demand, to have a review of such failure, plaintiffs in error must have requested the submission of such issue, and the court's refusal to submit could be made the basis of a review of such error.

Judge HIGGINS concurs in the result.

Finding no reversible error, the case is affirmed.