**RAHLMANN v. GALVESTON AUTO SALES CO. et al. (No. 6690.)** *

(Court of Civil Appeals of Texas. San Antonio. Feb. 8, 1922. Rehearing Denied March 8, 1922.)

**1. Sequestration ⊚⟹20—Judgment need not recite defendant could return property which he had replevied.**

A judgment against a defendant who had replevied property sequestered by plaintiff in the action need not recite that defendant could return the property, which was a right he had under Rev. St. art. 7107, so that a motion to correct the judgment in that respect, by one who did not offer to return the automobile, whose value he admitted exceeded the amount of the judgment, and which really sought only an extension of time given by the statute, was properly denied.

**2. Appeal and error ⊚⟹697(1)—Statement of all evidence does not show absence of facts to support finding.**

Even if a purported statement of facts which was certified only by the stenographer could be considered properly authenticated, it would not show that there was no evidence of the value of the sequestered property replevied by defendant, where the certificate merely stated that it was a true, full, and correct report of the evidence adduced at the trial, and there was nothing to indicate that it contained all the facts.

**3. Judgment ⊚⟹384 — Motion for correction after expiration of term must show excuse for delay.**

A motion to correct judgment after the term of rendition must show sufficient matter to entitle the mover to the relief sought, and must excuse the delay in filing the motion, so that a motion containing no excuse, filed after the term by a defendant who had appeared by answer but thereafter defaulted, was properly overruled.

Error from District Court, Bexar County; J. T. Sluder, Judge.

Action by the Galveston Auto Sales Company against Thomas B. Powers and F. C. Rahlmann. From an order denying a motion of defendant Rahlmann to correct the judgment rendered for plaintiff so as to permit him to return to plaintiff the automobile sequestered in the action which that defendant had replevied, the defendant Rahlmann brings error. Affirmed.

G. Woodson Morris, of San Antonio, for plaintiff in error.

Kampmann & Burney, of San Antonio, for defendants in error.

FLY, C. J. .The Galveston Auto Sales Company ·instituted suit against Thomas B. Powers and F. C. Rahlmann on a $100 note and on a promissory note for $1,464.80, payable in ten monthly installments of $146.48, with interest after maturity, which was executed to the company by Powers, together with a chattel mortgage on a certain automobile of the value of $1,750; the consideration for said notes being a part of the purchase price of said automobile. The automobile had been removed by Powers from Galveston county without the knowledge or consent of the company. The chattel mortgage had been duly filed for registration in Galveston county. Rahlmann was claiming some interest in the automobile, and therefore was made a party. Afterwards a writ of sequestration was applied for, issued, and levied on the automobile, which

---

⊚⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction April 26, 1922.

was duly replevied by Rahlmann; J. E. Powell and A. Rupp being sureties on the replevy bond. On a trial of the cause, judgment was rendered in favor of the auto sales company for its debt against Thomas B. Powers, and the mortgage lien was foreclosed on the automobile as to all the parties, and it was further ordered that the company recover from F. C. Rahlmann, and against A. Rupp and J. E. Powell, his sureties on the replevy bond, the sum of $1,-737.25. The judgment was rendered November 29, 1920, and on April 5, 1921, at a subsequent term of the court, Rahlmann filed a motion that the judgment "be corrected and amended according to the truth and justice of the case and that he be permitted to return the automobile or its value at the time of said trial" and that he recover costs. He admits in his motion that the car was of the value of $1,750 when the judgment was rendered on November 29, 1920. The motion was overruled, and from that order this writ of error has been obtained. There was no prayer except that the judgment be corrected so as to allow him to return the automobile or its value at time of trial.

[1] We know of no law that requires a judgment against a party who has sequestered property and the sureties on his bond, to recite that he can return the property in whole or in part. That is a right given by article 7107, Rev. Stats., and is not dependent upon the recitals in the judgment. Appellant had that right independent of such recitals. As said in Mills v. Hackett, 65 Tex. 580:

"The judgment was properly rendered for the value of the mule and its hire, without any alternative provision that the defendant or his sureties might return the mule in satisfaction of its value, as assessed by the jury. The defendant is allowed to tender to the proper officer, within ten days after judgment, the property sequestered in payment of its value, but a provision to that effect is not required to be inserted in the judgment itself. The defendant can avail himself of it without any order of court."

This fully disposes of the only correction desired in the motion of appellant to correct the judgment. See, also, Morgan v. Coleman (Tex. Civ. App.) 204 S. W. 670. He did not offer to avail himself of the statutory right to return the automobile and admits that the automobile was of greater value than the amount of the judgment rendered against him and his sureties, and by his motion admits the validity of the judgment which he merely desired to correct. What he really desired was an extension of the ten days given by the statute in which to return the property, to four or five months.

[2] There was a paper filed by appellant in the lower court, purporting to be a stenographic report of certain facts which were adduced at the time the original judgment was rendered. That paper was not approved by the trial judge nor any one else except the stenographer, who merely certified that it was "a true, full, and correct report of evidence adduced at the trial of said cause." There is nothing to indicate that it contained all the facts, and it was never filed in the cause until appellant filed his motion in April, 1921. The object of filing this paper was probably to indicate that the court had no evidence before it as to the value of the automobile. If it had been properly authenticated, it would not show that there was not evidence of value of the automobile.

[3] This proceeding was begun at a term of the court subsequent to that at which the judgment was rendered and should have shown sufficient matter to have entitled appellant to the relief sought, if it had been applied for during the term at which the judgment was rendered and a sufficient legal excuse offered for not having then applied for relief. Nothing of the sort is contained in the motion. Appellant had been duly cited, had filed a cross-action therein, and yet, without excuse, made default in the cause. His answer had been on file for over nine months before the cause was tried. His motion or application was not verified by affidavit, and was properly overruled by the trial court.

The cases cited by appellant refer to judgments where there were more than one article replevied.

The judgment is affirmed.