### MULLIGAN v. McCONNELL BROS.
#### (No. 1977.)

(Court of Civil Appeals of Texas. Amarillo. May 24, 1922. Rehearing Denied June 21, 1922.)

**1. Replevin ⬤➡106—Judgment, stating itemized value of articles replevied, held sufficient.**

In replevin judgment, stating the itemized value of the articles sequestered and replevied separately, *held* sufficient, under Rev. St. art. 1985, as against contention that it did not state the reasonable value of the articles replevied.

**2. Replevin ⬤➡105—Judgment for plaintiff against defendant in possession of property need not expressly entitle defendant to return property.**

In replevin judgment for plaintiff against defendant who has replevied the property need not expressly entitle the defendant to return the property, under Rev. St. arts. 7106, 7107; such right being given to defendant by the statute.

**3. Appeal and error ⬤➡882(1)—Insufficiency of defendant's replevin bond not ground for reversal of judgment for plaintiff.**

In replevin the defendant who recovered possession of the property by execution of replevy bond cannot attack judgment for plaintiff on the ground that his replevy bond was void because not executed for sufficient amount.

**4. Trial ⬤➡356(7)—Sending of jury back for further deliberation after unresponsive answer to special issue held proper.**

Where balance of purchase money due was $688.25, and under the issues the consideration could not have failed for an amount in excess of $100, the action of the court in sending the jury back for further deliberation where answer to special issue found that there was a failure of consideration in the amount of $688.25, with instruction that their answer to such special issue was not responsive *held* proper, under Rev. St. art. 1981.

**5. Trial ⬤➡312(1)—Court may give jury additional charge, though not asked for by jury.**

The court, in sending the jury back for further deliberations after giving an unrespon-

sive answer to special issue, could in its discretion give the jury an additional·charge under Rev. St. art. 1962, authorizing a jury to ask for further instructions; such statute being directory, and not precluding the court from giving an additional charge without being asked therefor by the jury.

**6. Appeal and error ⬅︎975, 1069(3)—Additional charge given court without request by jury not ground for reversal, in absence of showing of abuse of discretion or injury.**

Judgment will not be reversed because of additional charge given jury in sending jury back for further deliberation, without request therefor by jury, unless there has been an abuse of discretion or injury shown.

Appeal from Wichita County Court; Guy Rogers, Judge.

Suit by McConnell Bros. against Edward Mulligan. Judgment for plaintiff, and defendant appeals. Affirmed.

Hunter & Scott and ·E, E. Fischer, all of Wichita Falls, for appellant.

Weeks, Morrow & Francis and Wayne Summerville, all of Wichita Falls, for appellee.

HUFF, C. J. The appellee, McConnell Bros., sued Edward Mulligan, on a contract executed between the parties by virtue of which the appellee delivered certain household goods, giving in the petition the several articles separately and the value of each separately itemized, aggregating $888.25, the title of which was retained in the appellees until paid said sum. The appellant agreed to pay $200 cash and the balance in installments of $100, payable on the first of each month until fully paid. That $200 was paid and applied on the contract. It was agreed in writing that the interest thereon was 10 per cent. per annum upon all past-due installments and 10 per cent. additional if suit was filed. That installments amounting to $688.25 were due and unpaid. They asked for judgment for that amount, interest at 10 per cent. and 10 per cent. attorney's¯fees. At the same time they filed an affidavit for sequestration, describing therein the goods by items, giving the separate value of each item and stating that appellees were the owners thereof, and executed a bond in sequestration, conditioned as required by ·the statute, for the sum of $1,780. A writ was issued, describing the items but not stating the value. The sheriff's return thereon shows the seizure of the articles described in the writ. Thereafter the appellant executed a replevy or forthcoming bond, conditioned as required by the statute, itemizing the property, but not giving the separate value of each article; the bond reciting that the sheriff fixed the value of the articles at $500. The bond was in the penal sum of $1,000. The appellant answered by alleging a payment of $300, instead of $200 as alleged by appellee, and also· alleged a failure of consideration as to one ivory bed, which was of the contractual value of $100, alleging that the bed was worthless, and that the consideration therefor for which the note had been given, failed in part. The jury found that appellant paid on the contract $200; that no part of the consideration had failed. Upon the finding of the jury judgment was rendered for appellees that they recover from appellant $842.55, principal, interest, and attorney's fees, and that, the claim being secured by a rental contract in the nature of a chattel mortgage on the property, describing the property, and itemizing it, giving the value of each article as described and set out in the petition and affidavit for sequestration, the aggregate value of which was $888.25, foreclosing the chattel mortgage lien, and decreeing the issuance of an order of sale, etc. It is further recited in the judgment:

"It further appearing to the court that a writ of sequestration was·issued in this cause and was on the 15th day of October, A. D. 1920, levied upon the above-described property, and that same was on the 19th day of January, 1921, replevied by the defendant, who on the 19th day of January, 1921, executed his replevy bond therefor in the sum of $1,000, with W. N. Harrison and L. E. Key as sureties, said above property being of the itemized value as set out herein and all being of the total value of $888.25. It is further ordered, adjudged, and decreed by the court that said plaintiff do have and recover of and from the defendant, Edward Mulligan and W. N. Harrison and L. E. Key, sureties on his replevy bond. the sum of $842.25, together with interest thereon from date of judgment at the rate of 10 per cent. per annum, together with all costs in this behalf expended, for which he may have his execution."

[1, 2] It is asserted by proposition that it was fundamental error to omit from the judgment the reasonable value of the articles replevied, and to omit therefrom the statutory requirements that the defendant had the right within 10 days to return the property as required by articles 7106 and 7107, Revised Civil Statutes. It will be observed by the judgment the court did find the itemized value of the articles sequestered and replevied. He found the value of each article separately. This issue was not submitted to the jury, but was left for the finding of the court. Under article 1985, Revised Statutes, we think the law has been sufficiently complied with in stating the value in the judgment. It is not urged that the ‸evidence failed to support the finding of the court. We think this will meet the holdings in Herrera v. Marquez (Tex. ·Civ. App.) 182 S. W. 1143; Reeves v. Avina (Tex. Civ. App.) 201 S. W. 729.. It has been held unnecessary to recite in the judgment that the defendant re-

plevying property levied on shall have the right to return the property to the sheriff accepting the bond, as he has that right under the statute. Rahlmann v. Galveston, etc. (Tex. Civ. App.) 238 S. W. 345, quoting from Mills v. Hackett, 65 Tex. 580.

[3] The second proposition is overruled. This appears to be based upon the fact that the replevy bond was for $1,000, and as the court found the value of the property to be $888.25, the bond is not double the value of the property, and therefore void. It is a novel contention that a defendant can induce a sheriff to deliver to him property by taking a bond in double of the estimated value of the property as made by the sheriff and himself, that because the property is worth more than such estimate the bond is void. We cannot assent to the proposition.

The third and fourth asssignments and propositions are predicated upon the action of the court in receiving the verdict of the jury. The jury were asked what amount had been paid on the contract account, if any. They answered, $200. The other issue No. 2, was, "What part of the entire consideration has failed, if any?" They answered: "$688.25." The answer of the appellant alleged he had paid $300, instead of $200. The first issue determined that question. The appellant also answered there had been a partial failure of consideration in that one bed was worthless, the contract price of which was $100. The second issue was evidently on this latter plea. The contract price for the entire furniture sold was $888.25. This fact is not controverted. After paying $200 there was left due on the contract price $688.25. If the jury had found a failure of consideration to any part, it could not have exceeded $100, which would have left due on the sale $588.25. It is therefore manifest and demonstrated their verdict was not responsive to the issue. The trial court asked them upon their return if that was their verdict, and they said yes. The court then drew an instruction in writing to the effect that the issue was meant to cover that part of the amount agreed to be paid for the furniture purchased which by reason of defects therein was of less value than the contract price. This instruction seems to be in the nature of a statement of the issues formed by the pleadings, which is proper for a court to do in his charge to the jury. The court asked the jury if they desired further to consider their verdict. They answered they did. They were then retired to deliberate further, and afterwards returned into court their answer to the second issue: "None had failed." Upon this answer and the answer to the first issue the court entered judgment.

[4] Article 1981, Revised Civil Statutes, provides if the verdict is not responsive to the issue to the jury the court shall call their attention thereto and send them back for further determination. It is manifest the original verdict was not responsive to the issue made by the pleadings or by the issue submitted. The trial court would have been derelict in his duty under the above statute in failing to call their attention thereto and in sending them back for further deliberation. It was evidently the purpose of the statute to prevent mistrials, because some answer of the jury is not responsive to the issue presented. In this case the court indulged in no improper conduct, as did the trial court in the cases relied on by the appellant. The appellant's counsel was present, and all that occurred was in open court. To say the jury intended to find the entire consideration failed when there was no issue that it had would be stretching judicial credulity to a point of absurdity. It is manifest the jury misinterpreted the issues submitted, and it was, we think, proper to give an additional instruction as to what the issues were and send them back for further determination. Turner v. Railway Co. (Tex. Civ. App.) 177 S. W. 204 (10); Waco, etc., v. Smith (Tex. Civ. App.) 162 S. W. 1158; Denison, etc., v. McAmis (Tex. Civ. App.) 176 S. W. 621; Railway Co v. Clarendon, etc. (Tex. Civ. App.) 215 S. W. 866 (13); Goodson v. Houston & T. C. Ry. Co. (Tex. Civ. App.) 189 S. W. 82; Roche v. Dale, 43 Tex. Civ. App. 287, 95 S. W. 1101; Mayo v. Railway Co. (Tex. Civ. App.) 234 S. W. 937 (6).

[5, 6] It is insisted under article 1962, Revised Civil Statutes, it was error to give an additional charge to the jury after they retired without a request to do so from the jury. The statute is directory, and does not forbid the court giving additional charges to the jury before they are discharged from the case and before the verdict is accepted by the court. If the facts of the case demanded it, we believe the court should do so, especially where, as in this case, the parties were present or had notice thereof and no other irregularity is shown. Cockrell v. Egger (Tex. Civ. App.) 99 S. W. 568; Richardson v. Wilson (Tex. Civ. App.) 178 S. W. 566 (9); Railway Co. v. Harrison, 56 Tex. Civ. App. 17, 120 S. W. 254 (6). It is largely within the discretion of the trial court to give instructions, whether requested or not by the jury. Unless there has been an abuse of discretion or injury shown the case should not be reversed. Nolan v. Young (Tex. Civ. App.) 220 S. W. 154. The charge given perhaps is not as clear as it should have been, but it is evident the jury did not misinterpret it; and, as it was only a charge directing their attention to the issues made in the case, we see no error in the charge. We do not believe it was calculated to suggest to the jury the views of the court as to what their answer should be, and in fact no objection is made upon the latter ground. The assignments will be overruled.

The fifth assignment is predicated upon the court's overruling the application of appellant for continuance or postponement. The application presented was not statutory, and with the motion does not show an abuse of was addressed to the discretion of the court. The assignment considered in connection discretion on the part of the trial court, and in fact shows no injury.

The judgment of the trial court will be affirmed.