SCOTT et al. v. G. W. WALDROP & CO. (No. 465.)

Court of Civil Appeals of Texas. Eastland. June 15, 1928.

Rehearing Denied July 13, 1928.

1. Sequestration ⬅➡16—Provision that defendant in sequestration suit, who has replevied, may tender property to officer as credit on judgment, need not be inserted in judgment (Rev. St. 1925, art. 6853).

Provision of Rev. St. 1925, art. 6853, that defendant in sequestration suit, who has replevied, is allowed to tender sequestered property to officer within 10 days after rendition of judgment as credit thereon, need not be inserted in judgment itself, since right to return property is secured by statute, and requires no judgment for its preservation.

2. Appeal and error ⬅➡907(3)—Absent statement of facts in record, appellate court must presume, in support of judgment, that evidence did not warrant submission of requested issue to jury.

Where there was no statement of facts in record, appellate court must presume, in support of court's judgment, that evidence did not warrant submission of requested issue to jury.

3. Trial ⬅➡352(4)—To authorize submission of issue to jury, issue must be raised by pleadings and evidence (Rev. St. 1925, art. 2189).

To authorize submission of issue of fact to jury, such issue must be raised by both pleadings and evidence, under Rev. St. 1925, art. 2189.

On Rehearing.

4. Appeal and error ⬅➡835(2)—Where question raised in motion for rehearing is fundamental, appellate court must consider same, though not previously raised.

Where question raised in motion for rehearing is fundamental one, though not complained of in court below, nor in appellate court on original submission, it is duty of appellate court to consider same, when its attention is directed thereto.

5. Sequestration ⬅➡20—Sureties on replevy bond are not liable for costs of trial court.

Sureties on replevy bond in sequestration are not liable for costs of trial court.

6. Sequestration ⬅➡20—In suit for enforcement of chattel mortgage lien, defendant, replevying property, need not account for fruits, hire, revenue, or rent of same (Rev. St. 1925, arts. 6852, 6858).

In suit for foreclosure of chattel mortgage lien, defendant, replevying property, is not required to account for fruits, hire, revenue, or rent of same under Rev. St. 1925, art. 6858; general provision in article 6852 not applying.

7. Sequestration ⬅➡20—Sureties on replevy bond were liable only for value of property replevied (Rev. St. 1925, arts. 6852, 6858).

Under Rev. St. 1925, arts. 6852, 6858, sureties on replevy bond were liable only for value of property replevied.

8. Sequestration ⬅➡20—Sureties on replevy bond were not liable for interest on value of property (Rev. St. 1925, arts. 6852, 6858).

Under Rev. St. 1925, arts. 6852, 6858, sureties on replevy bond were not liable for interest on value of property from date of replevy bond to date of judgment, and trial court was unauthorized to render judgment against them therefor.

Appeal from District Court, Taylor County; M. S. Long, Judge.

Action by G. W. Waldrop & Co. against W. A. Scott on a note and for foreclosure of a chattel mortgage lien. Property was taken from defendant Scott under chattel mortgage by writ of sequestration, but de-

livered back to him on execution by him as principal and others as sureties of replevy bond. From the judgment, defendant and his sureties on the replevy bond appeal. Judgment reformed.

W. E. Lessing, of Abilene, for appellants.
Stinson, Hair, Brooks & Duke, of Abilene, for appellees.

HICKMAN, C. J. Appellee sued appellant Scott on a promissory note and for the foreclosure of a chattel mortgage lien on personal property given to secure the note. The property was taken from the possession of the appellant Scott by a writ of sequestration, but delivered back to him by the sheriff upon the execution by him, as principal, and the other appellants, as sureties, of a replevy bond. On the trial judgment was rendered for appellee against appellant Scott for the principal, interest, and attorney's fees due on the note, with a foreclosure of the chattel mortgage lien on the personal property. The judgment found separately the value of each article of the sequestered property, and judgment was allowed against the sureties on the replevy bond for the total value of such property. From this judgment, Scott, the principal on the replevy bond, and his sureties thereon, have perfected an appeal.

[1] The brief contains three propositions. The first two present that the judgment was erroneous, in that it did not provide for the return of the property as a credit on the judgment, as provided in article 6853, R. S. 1925, and that in failing so to provide a double recovery was awarded appellee. No authorities are cited in support of these propositions. The provision of article 6853 that the defendant in a sequestration suit, who has replevied, is allowed to tender the sequestered property to the officer within 10 days after the rendition of the judgment as a credit thereon, is not required to be inserted in the judgment itself. Such recital in the judgment would be proper, but it is not essential to its validity. The right so to return the property is secured by the statute, and requires no judgment of the court for its preservation. Mills v. Hackett, 65 Tex. 580; Rahlmann v. Galveston Auto Supply Co. (Tex. Civ. App.) 238 S. W. 345; Mulligan v. McConnell Bros. (Tex. Civ. App.) 242 S. W. 512; Continental Gin Co. v. Thorndale Mercantile Co. et al. (Tex. Com. App.) 254 S. W. 939.

[2, 3] The third proposition in appellants' brief complains of the failure of the court to submit an issue of fact raised by the pleadings. There is no statement of facts in the record, and we are therefore not advised whether the issue pleaded was supported by any evidence. We must presume, in support of the court's judgment, that the evidence did not warrant the submission of the issue to the jury. A court is not required to submit to the jury an issue of fact having no support in the evidence. To authorize the submission of an issue of fact to a jury, such issue must be raised by both the pleadings and the evidence. Article 2189, R. S. 1925; Jemison et al. v. Estes (Tex. Civ. App.) 231 S. W. 797; Morton Salt Co. v. Lybrand (Tex. Civ. App.) 292 S. W. 264.

None of the propositions briefed present any error in the judgment of the trial court, and the same is therefore affirmed.

## On Rehearing.

[4, 5] In their motion for rehearing appellants call our attention for the first time to certain recitals in the judgment which were overlooked by us on the original hearing, no point having been made thereon in appellants' brief. The question raised is a fundamental one, and, though not complained of in the court below, nor in this court on the original submission, it is nevertheless our duty to consider same, when our attention is directed thereto. The judgment against the sureties on the replevy bond was for the sum of $804, the value of the property replevied at the date of the execution of the replevy bond, together with the sum of $34 interest on said $804 from the date of said replevy bond to the date of the judgment. Judgment was also for all costs expended. It is well settled by many decisions that sureties on a replevy bond in sequestration are not liable for the costs of the trial court. Many of the decisions so holding are collated in an opinion in the case of Williams et al. v. Walker et al. (Tex. Civ. App.) 290 S. W. 299.

[6] By article 6852, R. S. 1925, it is provided, in substance, that, in case the suit is decided against the defendant, final judgment shall be entered against all the obligors on the replevy bond jointly and severally for the value of the property replevied and the value of the fruits, hire, revenue, or rent thereof. This is a general provision. Article 6858, R. S. 1925, provides, in substance, that in suits for the enforcement of a lien upon property, the defendant, should he replevy the property, shall not be required to account for the fruits, hire, revenue, or rent of the same. This is a special provision governing the liability in a case like the instant case, and must control as against the general provision of article 6852.

[7, 8] Construing the provisions of these articles together and applying them to the instant case, the conclusion would seem to follow that the only proper judgment which the lower court could have rendered against the sureties on the replevy bond in this case was a judgment for the value of the property replevied. Since the proceeding is a statutory one, and the action in this case was not

an original action upon the bond, the liability of the sureties must be determined with reference to the statutes thereon. We are unable to find any provision of the statute authorizing a judgment against the sureties for interest, and in the absence of such provision it is our opinion that the trial court was unauthorized to render judgment against them therefor.

The motion for rehearing will be granted to the extent only of so reforming the judgment as to eliminate therefrom the recovery of $34 interest and the awarding of the costs of the lower court against the sureties on the replevy bond. This reformation of the judgment will relieve the sureties on the replevy bond from the payment of any costs of this appeal. One-half the costs of this appeal will be adjudged against the appellees, and one-half against the appellant W. A. Scott.

In all other respects the motion for rehearing is overruled.