## BURGESS et al. v. VALLEY FINANCE CORPORATION.

### No. 8516.

Court of Civil Appeals of Texas. San Antonio.
Dec. 24, 1930.

'Greenwood & Lewis, of Harlingen, for plaintiffs in error.

Homer R. Maxwell, of Harlingen, for defendant in error.

FLY, C. J.

This action was instituted by the Valley Finance Corporation against C. C. Daniel to recover on a promissory note for $665.16, there being credits, which reduced the amount to $584.73. A writ of sequestration was obtained and levied on the automobile for the purchase money of which the note was given. The automobile was replevied by J. F. Burgess. The answer admitted execution of the note, but sought a further credit of $100 thereon.

Judgment by default was rendered against C. C. Daniel for $693.99, and the lien foreclosed on the automobile, as well as a judgment in the same amount against Burgess and O. H. Snyder as sureties.

The sureties bound themselves as provided in article 6850 (Rev. St.), which is as follows:

"If the property to be replevied be personal property, the condition of the bond shall be that the defendant will not remove the same out of the county, or that he will not waste, illtreat, injure, destroy or sell or dispose of the same. according to the plaintiff's affidavit, and that he will have such property, with the value of the fruits, hire or revenue thereof, forthcoming to abide the decision of the court, or that he will pay the value thereof and of the fruits, hire or revenue of the same in case he shall be condemned so to do."

Under that statute the sureties were not liable for costs of suit, but were liable only for the forthcoming of the property. The judgment could only be for the value of the property and not for the debt. Article 6852, Rev. Stats.; Hawkins v. First National Bank (Tex. Civ. App.) 175 S. W. 163.

The judgment in this case is directly in the face of the statute in attempting to hold the sureties for the whole debt and in not finding the value of the automobile and basing the judgment on that value.

The judgment is reversed, and the cause remanded.