**JOHNSON et al. v. WHITAKER.**

No. 4035.

Court of Civil Appeals of Texas. Amarillo.

May 24, 1933.

J. M. Woods, of San Antonio, for plaintiffs in error.

Oliver W. Johnson, of San Antonio, for defendant in error.

HALL, Chief Justice.

On June 18, 1932, Whitaker filed suit in the county court against J. E. Chrisman to recover upon a promissory note and to foreclose a chattel mortgage lien upon certain personal property described therein and sued out a writ of sequestration. Neither the petition nor the affidavit for sequestration states the value of each item of the mortgaged property separately, but they state that the property mortgaged is of the probable value of $400. On June 21st thereafter plaintiffs in error L. D. Johnson, H. B. Lane, and W. B. Hurd, as sureties, executed with J. E. Chrisman a replevy bond in the sum of $800 for said personal property.

On July 20th judgment was rendered in said court in favor of Whitaker and against Chrisman and the sureties on the replevy bond, who are appellants here. As against Chrisman, the judgment established and foreclosed said chattel mortgage lien upon the personal property, decreeing a recovery in the sum of $286.88, with interest, and directed that all of the property be seized and sold as under execution. The judgment further recites:

"And it further appearing to the Court that said above described property was replevied by the defendant, who on the 21st day of June, A. D. 1932, executed his replevy bond therefor in the sum of Eight Hundred ($800.00) Dollars, with Louis D. Johnson, H. B. Lane and Dr. W. B. Hurd, as sureties, it is therefore further ordered, adjudged and decreed by the Court that the said B. C. Whitaker have and recover of the defendant J. E. Chrisman and his sureties on his replevy bond, Louis D. Johnson, H. B. Lane and Dr. W. B. Hurd, such sum of $286.88, together with all costs in this behalf expended or incurred, for all of which he may have his execution."

■ A judgment against the sureties upon a replevy bond must fix the separate value of each item of property replevied and a failure to do so renders the judgment void. Reliable Iron Works et al. v. First State Bank & Trust Co. (Tex. Civ. App.) 241 S. W. 592; Hill et al. v. Armstrong Manufacturing Co. (Tex. Civ. App.) 275 S. W. 1086.

■ The judgment was properly rendered against Chrisman, the principal on the bond, for $286.88. The liability of plaintiffs in error as sureties is measured by the aggregate of the values of the several items of property replevied at the time the bond was filed and the property was delivered to them.

Burgess v. Valley Finance Corporation (Tex. Civ. App.) 33 S.W.(2d) 807, in which it is said: "The judgment in this case is directly in the face of the statute in attempting to hold the sureties for the whole debt and in not finding the value of the automobile and basing the judgment on that value."

See Scott v. Waldrop & Co. (Tex. Civ. App.) 8 S.W.(2d) 552; R. S. arts. 6850, 6852.

■ The judgment is further erroneous in that it adjudges costs against plaintiffs in error. Williams et al. v. Walker et al. (Tex. Civ. App.) 290 S. W. 299; Scott v. Waldrop & Co. (Tex. Civ. App.) 8 S.W.(2d) 552; Burgess v. Valley Finance Corp. (Tex. Civ. App.) 33 S.W.(2d) 807.

Because of the errors pointed out the judgment is reversed and the cause remanded.