Lester MUSTERMAN et al., Appellants,

v.

ACME ENGINE REBUILDING CO., Appellee.

No. 14407.

Court of Civil Appeals of Texas.

Houston.

Oct. 22, 1964.

Collins & Moore, Houston, Gene E. Putnam, Houston, of counsel, for appellants.

Robert A. Scardino, Vincent J. Musachia, Houston, for appellee.

COLEMAN, Justice.

This is a suit for debt based on a written contract and chattel mortgage with an alternate plea of an oral contract and chattel mortgage. The defendant and the surety on his replevy bond appeal.

The defendant denied under oath the execution of the note and chattel mortgage on which suit was brought. In response to the issues submitted, the jury found that Acme and Musterman entered into the written agreement as alleged *on or about* February 17, 1961 and also that they entered into an identical oral agreement *on or about* February 17, 1961. The jury found that the parties entered into a written agreement constituting a chattel mortgage on a particular vehicle and also found that they entered into an oral agreement constituting a chattel mortgage on the same vehicle.

■ No statement of facts has been filed in this Court. While we do not know the facts in this case, parties commonly enter into oral agreements, which are later reduced to writing. In any event, we cannot say that the findings are in irreconcilable conflict under the doctrine of Little Rock Furniture Mfg. Co. v. Dunn, 148 Tex. 197, 222 S.W.2d 985.

During the pendency of this cause plaintiff filed an affidavit for sequestration in which he alleged that this was a suit for the foreclosure of a chattel mortgage and that he was suing for the title and possession of a particularly described motor vehicle. The writ of sequestration appears in the transcript, which also contains a copy of the sequestration bond and of the replevy bond filed by the defendant which appellant, Maryland Casualty Company, executed as surety. While plaintiff's petition alleged the existence of the chattel mortgage as security for the debt, there was no specific prayer for foreclosure of the chattel mortgage, nor for title and possession of the motor vehicle. There was the usual prayer for general relief.

■ The judgment entered by the trial court decreed that the plaintiff "have and recover from the defendant, Lester Musterman, the sum of $401.50, together with interest thereon and that said judgment be had out of the proceeds of the bond posted on behalf of the defendant, Lester Musterman, to secure said payment." Nowhere does the judgment expressly find the value

of the property nor was there a special issue submitted to the jury on this question.

Rule 704, Texas Rules of Civil Procedure, provides:

"The bond provided for in the three preceding rules shall be returned with the writ to the court from whence the writ issued. In case the suit is decided against the defendant, final judgment shall be entered against all the obligors in such bond, jointly and severally, for the value of the property replevied as of the date of the execution of the replevy bond, and the value of the fruits, hire, revenue, or rent thereof, as the case may be."

The judgment is obviously erroneous in that the rule requires a judgment against *all* obligors in the bond, jointly and severally, for the *value of the property* replevied as of the date of the execution of the bond. Here the judgment was against the defendant alone, a matter of which appellants have not complained. However, the direction that the judgment be had out of the proceeds of the bond is the subject of complaint, and is error. The trial court also erred in failing to find specifically the value of the property at the date of the execution of the replevy bond. While it may well be that the value of the property on that date exceeded the amount of the judgment, the property involved is a motor vehicle and may depreciate in value by reason of improper use after that date. A failure to find the value of the property, under the statute superseded by the rule quoted, has been held reversible error. Johnson v. Whitaker, Tex.Civ.App., 60 S.W.2d 848; Burgess v. Valley Finance Corporation, Tex.Civ.App., 33 S.W.2d 807; Reeves v. Avina, Tex.Civ.App., 201 S.W. 729.

It was also error to render judgment against the surety on the replevy bond in the absence of a judgment foreclosing the lien of the chattel mortgage. Rule 705, T.R.C.P., provides, in part, that

"* * * Where a mortgage or other lien of any kind is foreclosed upon personal property sequestered and replevied, the defendant shall deliver such property to the officer calling for same under order of sale issued upon a judgment foreclosing such mortgage or other lien, either in the county of defendant's residence or in the county where sequestered, as demanded by such officer; provided, however, that such delivery by the defendant shall be without prejudice to any rights of the plaintiff under the replevy bond given by the defendant."

No opportunity to deliver the property "to the officer calling for same under order of sale" could have been afforded under the judgment entered herein.

While a judgment for the amount due under the contract was rendered against the defendant, since the judgment did not provide for a foreclosure of the mortgage lien it is evident that the "suit" was not decided against the defendant in the sense the word is used in Rule 704, T.R.C.P. The suit contemplated is that described in Subdivision 3 of Article 6840, Vernon's Ann.Civ. St.Tex., reading:

"Judges and clerks of the district and county courts, and justices of the peace shall, at the commencement or during the progress of any civil suit, before final judgment, have power to issue writs of sequestration, returnable to their respective courts, in the following cases:

"3. When a person sues for the foreclosure of a mortgage or the enforcement of a lien upon personal property of any description, and makes oath that he fears the defendant or person in possession thereof will injure, ill-treat, waste or destroy, or remove the same out of the county during the pendency of the suit."

The difficulties to be encountered in preparing, and the provisions which proper-

ly should be included in, a judgment in such a cause as this are discussed in American Mortgage Corporation v. Samuell, 130 Tex. 107, 108 S.W.2d 193. The judgment entered herein does not meet the standards suggested and must be reversed. The cause will be remanded for a new trial.

Reversed and remanded.