L. C. HAILE ET AL. *v.* F. M. OLIVER.

1. STATUTORY BOND.—A statutory bond on which summary judgment may be taken without notice to the sureties, must, to be valid, substantially conform to the statute.
2. REPLEVY BOND.—The right to give a replevy bond, under the statute regulating sequestrations, is limited to the parties to the suit. (Paschal's Dig., arts. 5100, 5101.)
3. LANDLORD—REPLEVY BOND.—If the landlord can execute a replevy bond for his tenant in possession who is sued, he can do so only with

the consent of the tenant, and after he has in some proper mode been entered on the record as a party to the proceeding in which the bond is given.

4. REPLEVY BOND.—When the levy is upon both personal and real property, a replevin bond, conditioned as required by statute in cases of levy on personal property alone, is invalid.

APPEAL from Houston. Tried below before the Hon. W. B. Wood.

Suit by F. M. Oliver, for himself and as next friend of his two minor children, against Ruben and Fredrich Friday, in trespass to try title for three hundred and forty acres of land. Petition filed October 4, 1876; writ of sequestration sued out same day; next day writ issued, and land seized valued at $1,500; also fifteen hundred pounds of seed cotton, valued at $30, and one hundred bushels of corn, valued at $50.

October 14, 1876, W. E. Tyler, who was styled intervenor, (though the plea of intervention was not filed until three weeks afterwards,) executed a replevy bond, with appellants as sureties, in the sum of $3,180, payable to appellee.

The defendants, R. and F. Friday, answered November 9, 1876, by disclaiming, and asking that the heirs of John Tyler, deceased, (who were the intervenors,) be made parties defendant, as the owners of the land. On September 23, defendants and intervenors not appearing, judgment was rendered for appellees, against W. E. Tyler as principal and appellants as sureties on the bond, for $1,080.

Appellants filed a motion to arrest the judgment and quash the bond.

On October 11, appellants' motion to arrest, &c., was overruled, except to the extent of $30 of the judgment, as to which amount only the judgment was arrested.

The defect in the bond is indicated by the opinion.

*Moore & Burnett,* for appellants.

*Nunn & Williams,* for appellee.

I. The bond is, in effect, an undertaking by William E.

Tyler, the acting defendant, and his sureties, Friday and Haile.

The plaintiff having sued and sequestered the land, the defendants, Ruben and Fredrich Friday, disclaim, and W. E. Tyler makes himself a party defendant, claiming for himself and his minor sisters. (Paschal's Dig., art. 5296; Caldwell *v.* Fraim, 32 Tex., 325.)

II. There is in this case a principal obligor bound, and he acting as the only party competent to act and make a binding contract, and this with the knowledge of sureties. (Van Deusen *v.* Blum, 18 Pick., 229; Dillon *v.* Brown, 11 Gray, 179; Cutter *v.* Whittemore, 10 Mass., 450; Adams *v.* Bean, 12 Id., 137; Herrick *v.* Johnson, 11 Metc., 26; Kendall *v.* Carland, 5 Cush., 74.)

III. This bond belongs to a class that requires a most liberal construction to secure the objects intended.

It was executed by W. E. Tyler and his sureties, and became the means by which the property sequestered, then in the possession of the sheriff, was released to principal W. E. Tyler, who took possession of the same. The sheriff had seized the two hundred acres of land, valued at $1,500. The bond was in the sum of $3,180, or double the value of both the land and personal property, and the condition of the bond was entirely sufficient to secure the rents, unless a strict, literal compliance with the very words of the statute is to be required. (Johnson *v.* Erskine, 9 Tex., 10; Janes *v.* Reynolds' Administrators, 2 Tex., 256; United States *v.* Tingey, 5 Pet., 129; United States *v.* Bradley, 10 Pet., 362; United States *v.* Linn, 15 Pet., 316; Drake on Attach., sec. 327.)

BONNER, ASSOCIATE JUSTICE.—It is not necessary to consider all the questions raised in this case to arrive at a final determination of the same. We will dispose of but two only: 1st. Was the replevy bond given by a proper party to make it a valid statutory bond? 2d. Was it, as such bond, conditioned as required by law?

1st. It is a well-established rule, that a statutory bond, upon which summary judgment can be taken without notice to the sureties, should, to be valid, substantially conform to the statute.

The right to give a replevy bond, by the statute regulating sequestrations, invoked in this case, is given to the parties to the suit themselves.     (Paschal's Dig., arts. 5100, 5101.)

If this privilege, in a case where a tenant in possession is sued, could be extended to his landlord, who, under article 5296 of Paschal's Digest, "may enter himself on the proceedings as the defendant in the suit, and shall be entitled to make such defense as if he had been the original defendant in the action," it is believed that the proper practice would permit this only by the consent, express or implied, of the tenant, and after the landlord had in some proper mode entered himself upon the record as a party to the proceedings.

To hold otherwise might deprive parties of the possession of property without due course of law.

In Harris *v.* Shackleford, 6 Tex., 136, where the defendant died between the issuance and the levy of the execution, it was decided that his widow, who ordinarily, under our law, would be entitled to grant of administration and a share of the property, was not such party as could give a valid forthcoming bond, under the statute, upon which execution could issue.

2d. If, however, it be admitted that the bond in this case was given by a proper party, it is nevertheless invalid as a statutory bond, because not conditioned substantially as required by the statute then in force.     (Paschal's Dig., art. 5100.)

Both personal and real property were levied upon; but the bond, instead of being conditioned to cover both species of property, is conditioned as required in cases of personal property only.     The statute, in the same article, prescribes essentially different conditions for the two kinds of property.     To decide that the conditions for one should suffice for both, would virtually set aside the very law which authorizes the execution of the bond.

The judgment is reversed and cause dismissed as to the appellants who are sureties on the replevy bond.

REVERSED AND DISMISSED.