## JOHN COLLIER ET AL. v. R. S. MYERS.

Delivered September 26, 1896.

**1. Practice in Trial Court—Admitting Testimony After Evidence Closed.**

Where the trial court, after the evidence had closed on Saturday, refused to open the case on the following Monday, before argument, to permit the introduction of further testimony, its action will not be disturbed unless an abuse of discretion is shown.

**2. Educational Corporation—Power to Mortgage its Property.**

An educational corporation, authorized by the statute "to do all necessary acts to carry into effect the objects of the corporation," (Sayles' Civ. Stats., art. 632) has authority to mortgage its educational buildings to secure claims for materials furnished for the construction thereof; and the question as to whether the mortgage was one of such "necessary acts" was for the jury to determine.

**3. Sureties Upon Replevy Bond in Sequestration Not Liable for Costs.**

The sureties upon a bond given to replevy land in sequestration proceedings are not liable for costs of suit.

APPEAL from Bosque. Tried below before Hon. J. M. HALL.

*J. L. Scott*, for appellants.—1. The directors of an educational corporation have no authority to execute a deed of trust upon its educational buildings and grounds, and a purchaser, at a foreclosure sale, under such deed of trust, acquires no title to said property. Rev. Stats., arts. 632, 634, 566, sec. 2, 589; Fort Worth Railway v. Rosedale Railway, 68 Texas, 169; Beach on Private Corporations, sec. 421; Chambers v. Faulkner, 65 Ala., 448; City Council v. Montgomery, 31 Ala., 76; Marion Sav. Bank v. Dunkin, 54 Ala., 471; 4 Am. & Eng. Ency. of Law, 207, 208, and notes 2 and 3 on pages 208, 209.

2. A statutory bond upon which summary judgment can be taken without notice to the sureties should, to be valid, substantially conform to the statute. Rev. Stats., art. 4500; Hale v. Oliver, 52 Texas, 443; Wooten v. Smith, 56 Texas, 198; Gregory v. Goldwaite, 21 S. W. Rep., 413.

*S. H. Lumpkin*, for appellee.

STEPHENS, Associate Justice.—This action of trespass to try title was brought by appellee to recover of 'appellant Collier and one Tom Davis the possession of blocks 16 and 17 in the town of Walnut, Bosque County, Texas, on which stood the Central College building.

Appellee caused the property to be seized under sequestration process, but it was replevied by Collier and Davis, who, with appellants James M. Davis and S. D. Ham as sureties, executed a replevy bond conditioned, as appears from recitals in the judgment, substantially in the terms prescribed for the replevy of personal property. Sayles' Statutes, 4499. After it had been so replevied, a discontinuance of the suit was entered as to Tom Davis, and a judgment recovered against Collier and the sureties on the replevy bond for the possession of the property and costs of the suit.

Appellee's title depended upon a judicial sale under a deed of trust executed in pursuance of a resolution of the board of directors for the Central College Company, to which the college property then belonged, to secure a debt due for material used in the construction of the college building.

The first error is assigned to the court's refusal to hear evidence offered by appellant Collier on Monday morning after the testimony had closed the preceding Saturday, but before the argument began. As appellee's witnesses had been discharged and had gone home, and the bill of exceptions fails to show any excuse for the delay in offering the testimony, no abuse of discretion is shown in the ruling complained of. If there was error in the first instance in refusing a continuance to obtain this testimony, no bill of exceptions was reserved making the application for continuance a part of the record, and hence we cannot review that action.

The single proposition submitted under the second assignment of error is this: "The directors of an educational corporation have no authority to execute a deed of trust upon its educational buildings and grounds, and a purchaser at a foreclosure sale under such deed of trust acquires no title to said property."

The authorities cited do not sustain the proposition. While art. 632, Sayles' Statutes, enumerates the powers of such directors or trustees, it further provides that they shall have power "to do and perform any and all necessary acts to carry into effect the objects of the corporation." Whether the execution of the deed of trust in question was one of such "necessary acts" was for them to determine. Article 635 clearly contemplates the exercise of such power by prohibiting them from contracting debts beyond the means of the corporation, at the peril of personal liability for what remains unpaid after such means have been exhausted. See, also, article 577, Sayles' Statutes.

We find no merit in any of appellant Collier's contentions.

The other appellants complain of the judgment against them as sureties on the replevy bond, because the condition of the bond is more onerous than that prescribed for the replevy of real estate (Sayles' Stat-

utes, 4500), and because of the dismissal of the suit as to one of the principals in the bond. They also insist, that if otherwise bound, they are not liable for the costs of the suit. These contentions were also urged in the court below, though not until several days after the judgment had been entered.

We hardly think any summary judgment should have been rendered against them on the bond. Hale v. Oliver, 52 Texas, 443. However, as no judgment was entered except for possession of the property (which they do not claim) and costs of the suit, we need only determine whether sureties on a replevy bond are liable for such costs; and this we find to be an easy task. The terms of the bond impose no such liability, and we are not aware of any statute or principle that creates it.

The judgment in that respect is therefore reversed and here rendered in their favor, but in all other respects it is affirmed.

*Reversed and rendered as to costs.*
*Otherwise affirmed.*