James Henderson et al. v. T. W. Brown.

Delivered June 5, 1897.

**Replevin Bond—Status of Sureties—Liability for Costs.**

The sureties on a replevin bond do not by executing such bond make themselves parties to the suit, so as to be liable to judgment for costs.

Appeal from Stephens. Tried below before Hon. T. H. Conner.

*W. P. Sebastian* and *J. R. Warren,* for appellants.—The liability of a surety on a replevin bond can not be extended beyond the terms of his contract. Rev. Stats., art. 4875; Borden v. Houston, 2 Texas, 594; Haile v. Oliver, 52 Texas, 443; Collier v. Myers, 37 S. W. Rep., 183.

*J. W. Crudington* and *William Veale & Son,* for appellee.—Sureties on a replevin bond become parties to the suit, and therefore liable for costs. Rev. Stats., art. 4876; 65 Texas, 580; 3 Willson C. C., 456; 4 Willson C. C., 276.

STEPHENS, Associate Justice.—The question in this case is whether the judgment in favor of plaintiff below, which awarded him the land sued for, was properly rendered for the costs of the suit against the sureties of the defendant on his replevy bond, given as provided in the sequestration statute.

It has been decided by this court that such replevy bond does not render the sureties liable for the costs of the suit. Collier v. Myers, 37 S. W. Rep., 183. It is quite clear that in terms the bond creates no such liability. But whether in executing the replevy bond the sureties do not make themselves parties to the suit, and hence liable to judgment for costs, the authorities seem to be in conflict.

In Mills v. Hackett, 65 Texas, 580, where a mule was replevied, a surety was held so liable, upon the ground that "by becoming a surety upon the bond Blakeley became a party to the suit, and was liable to have costs adjudged against him." The case arose in the Justice Court, and it does not appear but that this surety was also a surety on appeal bond.

In Sampson v. Solinsky, 75 Texas, 663, Justice Gaines reviewed the conflicting cases to some extent, but no definite ruling was made, except that sureties on a cost bond might also become sureties on the appeal bond.

It was the ruling of the old Court of Appeals that sureties on the replevy bond in sequestration proceedings, against whom judgment was

rendered, were sufficient as sureties on the appeal bond.  4 Willson C. C., sec. 190.

The Court of Civil Appeals for the Third District held sureties on the injunction bond competent as sureties on the appeal bond, following, as stated in the opinion of Chief Justice Fisher, Trammell v. Trammell, 15 Texas, 291; Saylor v. Marx, 56 Texas, 90; and Sampson v. Solinsky, 75 Texas, 663.  Long v. Kruger, 4 Texas Civ. App., 145.

Neither in this opinion, nor in that of Justice Gaines, is any mention made of Mills v. Hackett, 65 Texas, 580; nor was it called to our attention when Collier v. Myers, supra, was decided.

In this unsatisfactory state of the authorities, we have concluded to adhere to our previous ruling, especially as there seems to be no good reason for holding that a mere surety on a replevy bond is any more a party to the suit than a surety on a cost bond.  In Sampson v. Solinsky, supra, Justice Gaines says: "But we are of opinion that the sureties on a bond given merely to secure the costs of a suit do not become parties to the action.  The costs are the mere incident of the litigation, and for this only they are bound."  So the giving of the replevy bond is but incidental to the litigation, and the extent of the surety's liability is definitely fixed by the terms of the obligation he signs, and should not be extended so as to entrap him.  It is frequently to the interest of all parties that the property should be replevied, and sureties should not be deterred by an uncertain liability from signing such bonds.

The judgment, in so far as it is appealed from, is therefore reversed and here rendered for appellants, relieving them from the judgment for costs.

*Reversed and rendered.*

Writ of error refused.