McINTYRE et al. v. EMERSON.

(Court of Civil Appeals of Texas. Dec. 17, 1910.)

1. COSTS (§ 238*) — APPEALS — APPEAL FROM JUSTICE OF THE PEACE—STATUTE.

Where a remittitur is entered in the county court reducing the amount of a judgment recovered in a justice's court, the costs should, under the direct provisions of Rev. St. 1895, art. 1436, be taxed against the one who entered the remittitur.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 913; Dec. Dig. § 238.*]

2. COSTS (§ 238*) — APPEAL IN APPELLATE COURT.

Where a remittitur was entered in the county court which reduced the judgment, thereby making it smaller than the one recovered in justice's court, the costs under Rev. St. 1895, art. 1436, should have been taxed against the appellee in the county court, but, as that was not called to the attention of the county court, costs of a further appeal to the Court of Civil Appeals must be taxed against the appellant in the county court, he being also the appellant in the Court of Civil Appeals.

[Ed. Note.—For other cases, see Costs, Cent. Dig. § 912; Dec. Dig. § 238.*]

3. REPLEVIN (§ 124*)—LIABILITY ON BONDS—EXTENT—COSTS.

The sureties on a replevin bond are not liable for the costs in the suit.

[Ed. Note.—For other cases, see Replevin, Cent. Dig. § 494; Dec. Dig. § 124.*]

4. APPEAL AND ERROR (§ 1074*)—REVIEW—HARMLESS ERROR—SURETIES.

Where the sureties on a replevin bond in justice's court were also sureties on an appeal bond, on plaintiff's appeal to the county court from an adverse judgment, it was harmless error for the costs of the appeal to be taxed against them as sureties on the replevin bond.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4248–4252; Dec. Dig. § 1074.*]

Appeal from Dallas County Court; W. M. Holland, Judge.

Action by W. G. McIntyre and another against A. D. Emerson. A judgment for defendant in justice's court was affirmed in the county court, and plaintiffs and their sureties on the appeal bond to the county court appeal. Judgment modified on rehearing, and, as modified, affirmed.

M. L. Morris, for appellants.

BOOKHOUT, J. This suit was filed May 4, 1908, before J. F. Williams, justice of the peace for precinct No. 1, Dallas county, Tex., by Suzanne McIntyre, joined by her husband, W. G. McIntyre, to recover of A. D. Emerson certain personal property and wearing apparel belonging to Mrs. McIntyre as her separate property, alleged to be of the value of $198.75. Defendant filed general demurrer and general denial. When the suit was filed plaintiffs at the same time filed in due form affidavit and bond, and caused a writ of sequestration to issue, under which the constable took possession of said property, and, defendant declining to replevy at the end of 10 days, plaintiffs filed replevy bond with W. F. Foy and C. S. Conrad as sureties, and took possession of said property. Trial was had October 7, 1908, in said justice court, and judgment was rendered in favor of A. D. Emerson against plaintiffs for a board bill of $175 and a foreclosure of a boarding house lien or lien as a pledge on said property, with judgment against both plaintiffs and the said sureties on said replevy bond for said sum of $175—said property being valued by items in the decree aggregating the sum of $198.75; said decree also adjudged plaintiffs and said sureties to pay all costs of suit. From said judgment, Suzanne McIntyre joined pro forma by her said husband, W. G. McIntyre, took an appeal to the county court at law of Dallas county. In said court on October 22, 1909, trial was had before the court, and a judgment was rendered in favor of A. D. Emerson and against both plaintiffs for $175. By motion filed and allowed defendant remitted $80 of said judgment. The court entered judgment for $95, the value of the goods replevied. To the judgment so rendered plaintiff Suzanne McIntyre and all of said sureties excepted, and gave notice and have perfected their appeal to this court.

At a former day of the court we affirmed the judgment without a written opinion. It appearing that the debt for which the suit was instituted was for board incurred by Suzanne McIntyre and her husband to appellee, A. D. Emerson, and that he held a boarding house lien to secure the same as well as a contract lien on the property of appellants, and that the amount claimed in the suit for board was the amount actually due therefor, the judgment was correct.

The motion for rehearing, however, contends that the judgment of the county court being less than the judgment in the justice's court, appellants should recover their costs in the county court. This contention is sustained. After the remittitur was entered the judgment of the county court was less than the judgment in the justice's court. Under the statute the costs in the county court should have been taxed against Emerson. Rev. St. 1895, art. 1436. The judgment will be so reformed as to tax appellee with the court costs of the county court. Carriage

Co. v. Rosette, 20 Tex. Civ. App. 273, 48 S. W. 888.

It is also insisted that the county court erred in rendering judgment against W. F. Foy and C. S. Conrad, sureties upon appellants' replevin bond. It is held that sureties on a replevin bond are not liable for the costs of suit. Henderson v. Brown, 16 Tex. Civ. App. 464, 41 S. W. 406.

In the instant case the sureties on the replevin bond were also sureties on the appeal bond in the appeal from the justice's court, and were liable for the costs, if the appeal was not prosecuted to effect. The appeal not having been prosecuted to effect, the sureties on the appeal bond were liable for costs. The error, therefore, in taxing costs against the sureties on the replevin bond was harmless. The judgment will be reformed so as to tax the costs in the county court against the appellee Emerson. The county judge doubtless would have corrected the judgment so as to tax the costs of the county court against appellee had his attention been called to the matter by motion for new trial or motion to retax the costs. The costs of this appeal are therefore taxed against appellants.

The motion for rehearing is granted and the judgment reformed, and, as reformed, is affirmed.