**BRYAN v. JOHNSON et al. (No. 8679.)\***

(Court of Civil Appeals of Texas. Dallas. June 3, 1922. Rehearing Denied July 1, 1922.)

**1. Trial ⟨key⟩69—Deed properly admitted in evidence, after motion for peremptory instruction, to supply omission in testimony.**

In trespass to try title, it was not error to admit in evidence a deed relied on by defendant as a muniment of title and attacked by plaintiff as invalid, although not offered by plaintiff until after motion for a peremptory instruction by defendant had been made, since the court has discretion, when necessary to the due administration of justice, to allow a party to supply an omission in testimony.

**2. Deeds ⟨key⟩78—Mental capacity of grantor in deed held properly submitted to jury.**

Where, in trespass to try title, plaintiff claimed as the adopted heir of the decedent, and defendant claimed under a deed from such decedent attacked by plaintiff as invalid, the mental capacity of decedent, being the only controverted question of fact, was properly submitted to the jury.

**3. Trespass to try title ⟨key⟩40(5)—Will as muniment of title held not admissible when contest entered.**

In trespass to try title, where plaintiff claimed as adopted heir and defendant claimed under deed from deceased, deceased's will and admission to probate were not admissible as a muniment of title in favor of defendant, where a contest of the will had been entered.

**4. Trespass to try title ⟨key⟩35(1)—Will not admissible as muniment of title of defendant, who pleaded title by deed.**

In trespass to try title by plaintiff as adopted heir of a deceased person, wherein defendant claimed under a deed from such deceased person and specially pleaded his title, deceased's will and order admitting it to probate were not admissible when offered by defendant as a muniment of title.

**5. Adoption ⟨key⟩3—Strict construction of statute not extended to act of adoption.**

Adoption statutes have always been, more or less, strictly construed, but that strict construction is not extended to the act of adoption itself, which is to be liberally construed in favor of the child adopted.

**6. Adoption ⟨key⟩8—Deed of adoption held valid.**

An instrument of adoption complying with the statutory requirements, but providing that the child adopted is, in no event, to come into possession of any of the adoptive parents' estate until the death of himself and his wife, but is only to inherit whatever property they may have after their death, *held* valid as a deed of adoption; the provisions recited not destroying the provision making the adopted child an heir.

**7. Trial ⟨key⟩68(1)—Refusal to permit witness to testify, after evidence closed, held not abuse of discretion.**

In trespass to try title, where a deed relied on as a muniment of title was attacked on the ground of mental incapacity of the grantor therein, and where after both sides had concluded their evidence, and witnesses had been dismissed, defendant offered a medical witness, who was a nonresident and had not been subpœnaed, it was not an abuse of discretion to refuse to permit such witness to testify, where his evidence would have been cumulative merely.

Appeal from District Court, Hill County; Horton B. Porter, Judge.

Trespass to try title by Ruby Bryan, by her next friend, W. E. Roberts, against E. R. Bryan, wherein W. E. Roberts was dismissed and E. E. Johnson joined as plaintiff. Judgment for plaintiffs, and defendant appeals. Affirmed.

Vaughan & Abney, of Hillsboro, and G. W. Barcus, of Waco, for appellant.

Bouldin & Surles, of Mineral Wells, and Frazier & Averitte, of Hillsboro, for appellees.

B. F. GAFFORD, Special Justice. This is an action of trespass to try title, brought by appellee, Ruby Bryan, suing by her next

friend, W. E. Roberts, against E. R. Bryan, appellant, for the recovery of 87 acres of land out of the Joseph Stewart survey in Hill county, Tex., being block No. 19; the said Ruby Bryan having intermarried with E. E. Johnson pending litigation, W. E. Roberts was dismissed, and E. E. Johnson, the husband, joined in said suit. Appellee alleged in the first count of her petition a suit in trespass to try title to the land involved, and pleaded certain deeds and muniments of title, and in her second count she alleged that she was the sole heir of W. E. Bryan, deceased, who had prior to his decease executed certain articles of adoption whereby he made her his sole heir; that W. E. Bryan was dead, and that his wife died previous to his death, and that neither had any other heir or heirs than the appellee; that after adopting her the said W. E. Bryan executed a deed to the land involved in this suit, purporting to convey same to E. R. Bryan, the appellant; she alleged that said deed was invalid and of no force and effect, because at the time of its execution the said W. E. Bryan was of unsound mind, and asked that same be canceled. Appellant, E. R. Bryan, answered by general demurrer, plea of not guilty, general denial, and a plea in trespass to try title, alleging possession and that a cloud upon his title was cast by appellee, asking that his deed be canceled, and denying that W. E. Bryan was of unsound mind at the time of the signing of the deed in his favor, and alleged said deed to be in all respects a valid and binding conveyance of said land, and that same passed title to him, and asked for judgment quieting title in him. It was agreed that W. E. Bryan was the common source of title.

The case was tried before a jury, which in response to the single issue presented found that, at the time the deed was executed by W. E. Bryan conveying said land to E. R. Bryan, the said W. E. Bryan did not have sufficient mental capacity to understand the nature and effect of said deed. And upon said verdict the court entered its judgment that appellee recover of appellant the 87 acres of land involved, with writ of possession, and canceling the deed by W. E. Bryan to E. R. Bryan, dated July 21, 1920, purporting to convey the said 87 acres of land, and quieting title in appellee, from which judgment appellant has brought this case here for review on his five assignments of error.

Appellant's first assignment complains of the action of the court in refusing to instruct the jury to return a verdict for appellant because appellee had not shown by the evidence that W. E. Bryan was of unsound mind at the time of executing the deed to E. R. Bryan, and, further, that said deed had not been offered in evidence at the time of the filing said motion for peremptory instruction.

[1] Considering the latter part of said bill first, it is evident that the deed mentioned was of some importance to both parties to the suit, it was attacked as being of no force and effect by appellee, and appellant relied upon same as a muniment of title, and when it developed that same had not been offered in evidence and appellee desired to offer same, we think the court properly admitted said deed. Our statutes provide that the court may, at its discretion, where it appears to be necessary to the due administration of justice, allow a party to supply an omission in testimony. In line with this our courts have held, in instances too numerous to mention, that matters of this character are within the sound discretion of the trial judge, and its exercise, unless a manifest abuse of such discretion, is not subject to review upon appeal. There was no abuse of such discretion in admitting such testimony. Jones v. Wright (Tex. Civ. App.) 92 S. W. 1010.

[2] The record shows that numerous witnesses testified as to the unsoundness of the mind of the deceased at and about the time of the execution of the deed in question, among them two physicians, one of whom had been treating the deceased some eight or nine years for progressive paralysis; a number of witnesses testified that the said W. E. Bryan was of sound mind when he executed the deed. Here was a conflict in the testimony. The mental capacity of deceased became a material issue in the case, in fact it was the only controverted question of fact in the case. And the court properly referred it to the decision of the jury. We find no error in refusing the special requested charge by appellant.

In his second assignment of error appellant complains of the action of the court in refusing to admit in evidence a certified copy of the will of W. E. Bryan, deceased, together with a certified copy of the order of the probate court of Hill county, Tex., admitting said will to probate, as a muniment of title in appellant to the tract of land involved in this suit. Appellee objected to the admission of such records in evidence, because same were irrelevant, immaterial, extraneous and collateral to the issue in controversy; not a muniment of title; that defendant had especially pleaded his title. And to this bill the trial court appended the following qualification:

"At the time the defendant offered in evidence the certified copy of the will and of the order admitting same to probate, it was made to appear by plaintiff that plaintiff had, on the 31st day of January, 1921, filed her petition in said county court of Hill county, setting aside the order probating the will and for the purpose of contesting the probate of said will and setting aside the same, and the defendant had been cited to answer said petition, and had in fact filed his answer in said county court on the 19th day of March, 1921, and that said suit in the county court was pending at the time of the trial of this cause and undisposed of, for which reason the order of probate was not a

final judgment which would constitute a muniment of title."

[3, 4] It appears from the records offered in evidence that the deceased, W. E. Bryan, departed this life in August, 1919, and that his will had been filed for probate and admitted to probate by proper order of the court, but it also appears from said record that in the same county court in which said will was admitted to probate, and within the time prescribed by statute, suit had been instituted to contest the validity of said will, and that no final judgment had been entered in said last-mentioned suit. Under these circumstances the will offered in evidence certainly could not have been used in the trial of this case as a muniment of title. In support of this see Naugher v. Patterson, 9 Tex. Civ. App. 168, 28 S. W. 582; Lagow v. Glover, 77 Tex. 448, 14 S. W. 141. The additional objection interposed to the admission of said records as evidence appears as well taken, in that the defendant had specially pleaded his title, claiming title under deed executed by W. E. Bryan, and was therefore precluded from relying upon any other title not pleaded. Shields v. Hunt, 45 Tex. 424; Custard v. Musgrove, 47 Tex. 217.

In his third assignment of error appellant complains of the action of the court in admitting in evidence a certain instrument of date July 30, 1907, executed by W. E. Bryan as a deed of adoption. Appellant insists that said instrument is not an article of adoption as provided for under our statute, that it is irrelevant and immaterial and more in the nature of a will, and has contingencies provided for and set forth in said instrument which destroy it as articles of adoption, and does not by its terms adopt Ruby Bryan as the heir of W. E. Bryan, deceased. The said instrument is as follows:

"The State of Texas, County of McLennan.

"Know all men by these presents, that I, W. E. Bryan, a resident citizen of McLennan County, Texas, wishing to confer upon Ruby Bryan, a minor, and resident of said county, and daughter of Abb Bryan, who resides in Motley county, Texas, all the rights and privileges, both in law and in equity, of a legal heir, do in consideration thereof, hereby adopt the said Ruby Bryan, as my legal heir, to all the intents and purposes of the statutes of this state in such cases made and provided, but in no event is the said Ruby Bryan to come into possession of any of my estate real or personal until the death of myself and my wife, Milly Bryan, but is only to inherit whatever property we may have after our death.

"Witness my hand this the 30th day of July, A. D. 1907.

"W. E. Bryan.

"The State of Texas, County of McLennan.

"Before me, the undersigned authority, on this day personally appeared W. E. Bryan, known to me to be the person whose name is subscribed to the foregoing instrument, and acknowledged to me that he executed the same for the purposes and consideration therein expressed.

"Given under my hand and seal of office, this the 30th day of July, A. D. 1907.
"[L. S.]                          Alva Bryan,
"Notary Public, McLennan County, Texas."

The first part of the instrument in question is admittedly a full compliance with our statute with reference to adoption; the part of same after the word "provided," and being, "but in no event is the said Ruby Bryan to come into possession of any of my estate, real or personal, until the death of myself and my wife, Milly Bryan, but is only to inherit whatever property we may have after our death," is the part to which appellant excepts. Taking the first part of the clause objected to, which reads, "But in no event is the said Ruby Bryan to come into possession of any of my estate, real or personal, until the death of myself," and adding this to the first part, could one say this would in any way materially change the intent or effect of the instrument as a matter of the strictest construction of our adoption statute? Ruby Bryan could not inherit until the death of W. E. Bryan. No person is heir of a living person. And going further with the clause objected to, and reading, "but is only to inherit whatever property we may have after our death," it would appear that it was the intent of W. E. Bryan that Ruby Bryan was to inherit also from his wife, Milly Bryan. Here he possibly exceeded his authority in his efforts to do great favor to the object of his affections, but he none the less made her his heir. This provision is not in conflict with, nor can it destroy or materially affect, the provision making her his heir. Our adoption statute was undoubtedly enacted to enable any person who so desired to adopt another as his legal heir. It then prescribes the effect upon the adopted person as to the rights and privileges of such person. Then the inquiry is, Does the instrument in question make the person adopted a legal heir, with all rights and privileges prescribed? It does, unless the part which says she was not to come into possession of the property until the death of W. E. Bryan and also his wife, Milly Bryan, so affects the purpose, intent, and effect thereof as to make the provisions of said instrument other than our statutes prescribe. Now the intent of W. E. Bryan as to Ruby Bryan as to making her his legal heir is evident. He intended to put her in the same attitude and position as to his property as a natural child would have occupied. Before she could inherit his death was a contingency clearly contemplated by law and by reason of mind. The other contingency, the death of his wife, could only work a delay in her taking into her possession the property. This was a contingency naturally to confront her had she been his only begotten child in lawful wedlock, with Milly Bryan as her mother. This

provision took away none of her rights and privileges, either in law or equity, as a legal heir of W. E. Bryan. Our statute contemplates a legal adoption to be to establish the legal relation of parent and child, with all the incidents and consequences of that relation, between the adopting parent and the adopted child. It provides:

Article 2, Rev. St. 1911: "Such statement in writing, signed and authenticated or acknowledged, and recorded as aforesaid, shall entitle the party so adopted to all the rights and privileges, both in law and equity, of a legal heir of the party so adopting him."

Our courts have held that such provisions were not testamentary. McLain v. Garrison, 39 Tex. Civ. App. 431, 88 S. W. 484, 89 S. W. 284; Garrison v. McLain (Tex. Civ. App.) 112 S. W. 773; Chavez v. Chavez (Tex. Sup.) 13 S. W. 1018; Martin v. Faries, 22 Tex. Civ. App. 539, 55 S. W. 601.

Appellant cites Thompson v. Waits (Tex. Civ. App.) 159 S. W. 82, in support of his contention that the instrument in question is not a deed of adoption. In that case it was held that an instrument apparently of this character and nature was a contract to leave a portion of the estate or property of the makers of same to certain persons specified, to be determined by the number and relationship of the parties who otherwise would have inherited all of said property, and that said instrument was made to perform the function rather of a will than that of an article of adoption. In that instrument the adopted heir was specified as a coheir with collateral kindred, except that he was to be favored to the extent of a thousand dollars more than any of the other heirs. A further restriction upon said adopted heir provided that such property as might pass to him by virtue of said instrument should remain forever free from the possession or control of the father of said adopted heir, and that upon the death of said adopted heir the property he might receive by virtue of said instrument should pass back to the estate of the adopting parents. We can thus see that such provisions and restrictions took from said adopted heir the statutory rights and privileges conferred upon an adopted heir in the second article of our adoption statute, and did not make him such legal heir with all the rights and privileges, both in law and equity, as is contemplated by our statute. In our opinion it would have been difficult to have inserted a provision or provisions more at variance with the second article of our statute on adoption as to the rights and privileges of the adopted heir. As stated by the court in that case, "Adoption is unknown to the common law." "It is purely statutory, and as the alleged adoption was not in compliance with the statute, the party mentioned was never adopted."

[5] Adoption statutes have always been more or less strictly construed, but that strict construction is not extended to the act of adoption itself. That is liberally construed in favor of the child adopted. Hockaday v. Lynn, 200 Mo. 456, 98 S. W. 585, 8 L. R. A. (N. S.) 117, 118 Am. St. Rep. 672, 9 Ann. Cas. 775; Thomas v. Maloney, 142 Mo. App. 193, 126 S. W. 522.

[6] It is our opinion the instrument in this case makes Ruby Bryan the legal heir of W. E. Bryan and meets the requirements of our statute, and should be held to be a deed of adoption.

In his fourth assignment of error appellant complains of the action of the court in refusing to permit the witness Dr. J. F. Bailey to testify on behalf of the appellant under circumstances which appear to be that the said witness had not been in attendance upon the court during the trial of said cause, and did not appear until the morning of the last day of said trial; that on the day preceding his appearance both parties to the suit had announced to the court that they had closed their testimony, and had rested their case, so far as the introduction of the evidence was concerned, with the exception that appellant would perhaps place on the stand the witness Milly Bryan for the purpose of impeaching the witness L. G. Mansfield, and thereupon all the witnesses were excused by the court, and the court adjourned until 9 o'clock the succeeding morning. When court convened the next morning the appellant offered the witness Dr. J. F. Bailey, and informed the court that he was a physician of Waco, Tex., who had been the physician of the deceased, W. E. Bryan, during the months of March and April, 1919, prior to the death of said W. E. Bryan in August, 1919, and desired to use him on behalf of the appellant; that appellant had not been able prior to that time to get the personal attendance of the witness; that the witness had promised to come and testify in person, and for that reason his deposition had not been taken; that the witness had been detained by professional engagements, and that said witness would testify to material facts which appellant's bill of exception sets forth in full as to the acquaintance of said witness with the deceased in March and April, 1919, as above stated. The court appended the following qualification to said bill of exception:

"Both parties announced, in open court the evening before the witness Dr. J. F. Bailey was tendered as a witness by the defendant on the following morning, that they would offer no other testimony, except that defendant suggested that he would possibly want to use the witness Milly Bryan for the purpose of impeaching the witness Mansfield. This announcement having been made, plaintiff excused all of her witnesses from further attendance upon this court at this trial, which was known to the defendant. The witnesses immediately departed for their homes, most, if not all of

whom reside at Mt. Calm about 27 miles from Hillsboro.

"On the next morning, in addition to the witness Milly Bryan, who was permitted to testify, the defendant tendered the witness Dr. Bailey; the said witness Dr. Bailey having never been subpoenaed, nor had his name been suggested as a witness to be used by defendant. When the witness Dr. Bailey was offered by defendant, the plaintiff insisted that she had witnesses by whom she could contradict the testimony of the witness Dr. Bailey had they not been excused, and had they not departed for their homes at Mt. Calm, and that she would use them if they were present to rebut Dr. Bailey's testimony in the event he was permitted to testify."

The evidence of the witness portrayed in an affidavit attached to appellant's bill shows that same is cumulative of the testimony of numerous witnesses of appellant, and related entirely to the mental condition of deceased in March and April, 1919, about three months prior to the date of the deed in question, July 20, 1919, when it was charged the deceased was not of sufficient mind to understand the nature and effect of his act.

In Johnson v. Patterson (Tex. Civ. App.) 33 S. W. 1038, it was held:

"A refusal, after the evidence was all in, to allow defendant to introduce a witness at a future day when the argument was to be had was not error, where the witness was a nonresident, and his deposition had not been taken, though the witness was present when the case was called and had left without defendant's consent."

See, also, Collier v. Myers, 14 Tex. Civ. App. 312, 37 S. W. 183.

[7] We do not think the conduct of the trial court constitutes an abuse of its discretion.

In his fifth assignment of error appellant insists that the verdict and judgment are contrary to the evidence, in that the evidence shows that W. E. Bryan, at the time he executed the deed in question, was of sound mind, and had sufficient mind to understand the nature and result of a transaction, and the alleged deed of adoption offered in evidence was insufficient to show that the plaintiff, Ruby Bryan Johnson was legally adopted by the said W. E. Bryan.

We do not deem it necessary to discuss the sufficiency of the evidence at length, in view of our holding as to other assignments herein. We do not agree with the view of appellant that the evidence shows that W. E. Bryan was of sound mind, and had sufficient mind to understand the nature and result of a transaction. There was some evidence to this effect, and some to the opposite effect. When this question went to the jury, whose province it was to determine this much disputed fact, the jury differed from the view thereon as expressed by appellant in this assignment.

We have already found the deed of adoption a valid compliance with our statute, and that same constituted appellee the sole heir of the deceased, W. E. Bryan, and we believe by it Ruby Bryan Johnson was the legally adopted heir of the said W. E. Bryan.

There is no error in the judgment of the court below, and it is affirmed.

Affirmed.