**MERRYMAN et al. v. FIRST NAT. BANK OF TERRELL.    (No. 7035.)**

(Court of Civil Appeals of Texas. Austin. Nov. 17, 1926. Rehearing Denied Dec. 8, 1926.)

**1. Appeal and error ⬅➡846(5)—In absence of findings and conclusions, judgment, supported by pleadings and evidence, must be affirmed, on appeal (Rev. St. 1925, arts. 2208-2210).**

Under Rev. St. 1925, arts. 2208-2210, in absence of findings of fact and conclusions of law, judgment, supported by pleadings and evidence, must be affirmed, on appeal; presumption being that trial court decided case on such of pleadings and proof as sustained judgment.

**2. Trial ⬅➡140(2)—Neither party is entitled to judgment as matter of law on his own uncontradicted, but uncorroborated, testimony.**

Neither plaintiff nor defendant is entitled to judgment as matter of law on his own uncontradicted, but uncorroborated, testimony, especially where doubt is cast on such testimony.

**3. Principal and surety ⬅➡162(2)—Whether holder of chattel mortgage notes agreed to release surety from liability held for trier of fact.**

Whether president of bank holding notes securing chattel mortgage agreed to release surety from liability on notes *held* for trier of fact.

**4. Principal and surety ⬅➡115(1)—Surety on chattel mortgage notes held entitled to credit for value of mortgagor's interest in mortgaged cotton used for mortgagor's benefit.**

Where chattel mortgagee permitted mortgagor to withdraw mortgaged cotton and use proceeds for his own benefit, surety on mortgage notes was entitled to credit on notes for mortgagor's interest in such cotton.

**5. Appeal and error ⬅➡1178(6)—Where appellate court cannot ascertain value of mortgaged cotton to which surety is entitled to credit, judgment will be reversed and remanded.**

Where surety on chattel mortgage notes is entitled to credit for proceeds of mortgagor's interest in mortgaged cotton, used for mortgagor's benefit with mortgagee's consent, but appellate court is unable to ascertain value of cotton, judgment against surety will be reversed and remanded to have trial court ascertain such value.

**6. Costs ⬅➡236—Appeal costs held taxable against appellant on reversal solely to have trial court determine extent of credit on judgment to which appellant was entitled.**

Costs of appeal will be taxed against appellant, where judgment is reversed and remanded solely to have extent of credit to which appellant is entitled on judgment determined by trial court on error first raised in appellate court.

Error from District Court, Kaufman County; Joel R. Bond, Judge.

Action by the First National Bank of Terrell against O. H. Merryman and others. Judgment for plaintiff, and defendant J. M. Gipson brings error. Affirmed in part, and reversed and remanded in part.

Wm. A. Wade, of Dallas, for plaintiff in error Gipson.

Morris Brin and M. F. Cate (of Brin & Cate), both of Terrell, for defendant in error.

BLAIR, J. The parties will be designated appellant and appellee. Appellee bank, a national banking corporation, sued O. H. Merryman, J. O. Barton, J. E. Barton, and J. M. Gipson on their four joint promissory notes aggregating $677, and to foreclose a chattel mortgage lien on cotton grown by Merryman in 1920, and on certain live stock, attaching the mortgage as an exhibit to its petition.

The defendants answered by a general demurrer and general denial, and specially pleaded that the notes sued on were executed to appellee bank by Merryman as principal and by the other defendants as sureties; that the bank knew these parties signed as mere sureties, and received no part of the loan; that Merryman made 12 bales of cotton and went with defendant Gipson to the bank and placed the tickets therefor with the president of the bank, M. W. Raley, with whom the

loan had been negotiated; that Merryman owned a one-half interest in the cotton, being Gipson's tenant on the halves for that year; that it agreed that when the cotton was sold the proceeds would be applied in satisfaction of the notes; that thereafter, without the knowledge or consent of the sureties on the notes, the bank turned 5 bales of said cotton over to Merryman and permitted him to sell the same and apply the proceeds to his own personal use; that as soon as appellant Gipson learned of this fact he went to Mr. Raley, president of the bank, and protested against such action, whereupon Mr. Raley, as president of the bank, agreed that he would not look to Gipson for said debt, but that he would be released from the notes, and that the bank would look alone to Merryman, the principal, and the remaining 7 bales of cotton for its debt; that in consideration of this promise and agreement appellant Gipson acquiesced in the wrongful release of the 5 bales of cotton which the bank had permitted Merryman to sell; and that three years elapsed without his paying any further attention to the matter, when the bank called upon him to pay the notes.

The trial was to the court without a jury, and appellant Gipson's evidence followed substantially the allegations in his answer. The court rendered joint and several judgments against Merryman and all the sureties upon the notes for the full amount of the principal, interest, and attorney's fees. Gipson alone has appealed from that judgment. Therefore as to all other parties the juudgment is affirmed.

[1] Appellant's contention is that the facts are uncontroverted and that the trial court found the facts to be that he was released by the parol agreement above set forth from the payment of the notes, but that the court took the view that under section 119 of the Negotiable Instruments Law (article 5939, Rev. St. 1925) a surety could not be released except in writing. But the record does not bear out this contention, because there is no finding of fact and conclusion of law, and none was requested. The judgment is that, in the event the sureties should be compelled to pay the notes, they have judgment over against the principal, O. H. Merryman, but does not indicate that it was rendered upon the ground stated by appellant. It is too well settled to merit discussion that, in absence of findings of fact and conclusions of law, where the pleadings and evidence support a judgment, it must be affirmed on appeal; that is, in absence of such findings of fact and conclusions of law, it will be presumed that the trial court decided the case upon such of the pleadings and proof as will sustain the judgment. Mason v. Rodiguez, 53 Tex. Civ. App. 445, 115 S. W. 868; American Ry. Exp. Co. v. Voelkel (Tex. Civ. App.) 236 S. W. 555; Daniel v. De Ortiz et al. (Tex. Civ. App.) 140 S. W. 486; Broussard v. Cruse (Tex. Civ. App.) 154 S. W. 347; articles 2208–2210, Revised Civil Statutes 1925.

[2, 3] Appellant Gipson's uncontroverted testimony with respect to the parol agreement to release him from the payment of the notes did not entitle him to judgment as a matter of law. Neither a plaintiff nor a defendant is entitled to judgment as a matter of law upon their own uncorroborated testimony, and especially is this true where there is any doubt cast upon such testimony. In the instant case the president of the bank had died soon after the transaction alleged by Gipson took place, and his testimony was not available. Gipson testified that he was never approached with reference to these notes for more than three years, but his testimony was contradicted by other witnesses of appellee bank, who testified that they sought from Gipson the execution of other notes in lieu of and in place of the notes in suit, and discussed the matter with him on several occasions, asserting that they claimed that Gipson was liable for the payment of the notes. The judge who tried the case without a jury did not have to believe Gipson's testimony. Moore v. Johnson Land Co. (Tex. Civ. App.) 143 S. W. 941; Brannam v. First State Bank of Comanche (Tex. Civ. App.) 211 S. W. 945; Queen v. Turman (Tex. Civ. App.) 241 S. W. 786; Burleson v. Tinnin (Tex. Civ. App.) 100 S. W 350.

[4, 5] But under the pleadings and the undisputed proof that the appellee did permit O. H. Merryman, the principal debtor, to withdraw 5 bales of the cotton, sell and use the proceeds for his own benefit, appellant Gipson was entitled to a credit upon the notes for the one-half interest of Merryman in such cotton. Counsel for appellee bank admitted in oral argument that Gipson was entitled under the pleadings and the evidence to such a credit, but suggest that this court reform the judgment so as to allow that credit and affirm the judgment. We have examined the testimony with respect to the value of this cotton, and find that we are unable to ascertain its value with any degree of certainty. The testimony is that cotton was selling for about 20 or 21 cents at the time it was withdrawn, and that the 5 bales weighed from 500 to 600 pounds each. We are sure that the value of the cotton can be ascertained with reasonable certainty, and therefore reverse and remand the judgment against Gipson, with the instruction that the trial court ascertain the value of Merryman's interest in the 5 bales of cotton and after having done so to render judgment against Gipson for the full amount of the notes, interest, and attorney's fees, less the value of Merryman's interest in the 5 bales of cotton, which the bank permitted him to sell and use the proceeds.

[6] The judgment, therefore, is affirmed in part, and in part reversed and remanded, with instructions. But since the question of appellant's right to the credit to the extent of

the cotton released to Merryman is raised as fundamental error in this court, and is the only reason for reversing and remanding the cause, the costs of this appeal will be taxed against appellant Gipson. Snyder v. Compton (Tex. Civ. App.) 29 S. W. 73.

Affirmed in part, and reversed and remanded in part.