### WILLIAMS et al. v. WALKER et al.*
(No. 7047.)

(Court of Civil Appeals of Texas. Austin. Dec. 22, 1926. Rehearing Denied in Part and Granted in Part Jan. 19, 1927.)

**1. Sequestration ⬅21—Petition for damages for conversion of plaintiffs' property held sufficient, where value at time and place of replevy was set out (Rev. St. 1925, art. 6857).**

In action for value of oil-drilling machinery, claimed to have been converted under writ of sequestration, petition *held* to state claim for damages, under Rev. St. 1925, art. 6857, where value at time and place of wrongful replevy was set out.

**2. Judgment ⬅194—Cross-action for wrongful withholding of property prior to sequestration writ held disposed of by judgment in plaintiff's favor in action for conversion.**

In action for conversion of property under sequestration writ, in which converter filed cross-action for damages for withholding property prior to sequestration on theory that he was owner by virtue of chattel mortgage under which property had been voluntarily turned over to him, judgment for damages for wrongful conversion against converter *held* final judgment disposing of cross-action, which negatived right of converter to recover for plaintiff's detention.

**3. Appeal and error ⬅215(1)—Whether measure of damages submitted was proper could not be considered on appeal, in absence of filing objections to charge (Rev. St. 1925, art. 6857).**

In action for conversion of oil-drilling machinery under sequestration writ, whether issue submitted to jury as to what was reasonable market value of property at time of removal was proper, under Rev. St. 1925, art. 6857, requiring value be determined at time of execution of replevy bond or at time of trial, could not be considered, on appeal, where no objection was made to testimony introduced or to issue as submitted.

**4. Judgment ⬅256(7)—Where, in action for conversion, jury assessed value of property without mention of interest, court could include interest only from date of judgment.**

In action for value of property claimed to have been wrongfully taken under writ of sequestration, where jury assessed value at $4,-000, but made no award of interest, interest should not be included from date of execution of replevy bond, but only from date of judgment.

**5. Appeal and error ⬅1033(8)—Assignee of mortgage, sued for value of property sequestered by him, could not complain that interest on note was allowed him to date beyond execution of replevy bond.**

Where person holding note and chattel mortgage wrongfully sequestered property, he could not complain that amount due on note, which was set off as against plaintiffs' claim for conversion, was allowed to date beyond execution of replevy bond.

**6. Chattel mortgages ⬅169—Holder of mortgage, who converted property under writ of sequestration, could not offset claim as of date of judgment for conversion.**

In action for value of drilling machinery converted by holder of chattel mortgage under writ of sequestration, conversion of mortgaged property on execution of replevy bond *held* to operate as satisfaction of mortgage debt to the extent of value of converted security, preventing offset as of date of judgment.

**7. Chattel mortgages ⬅169—Conversion of mortgaged property by holder of mortgage operates as satisfaction of mortgage debt pro tanto.**

Conversion of mortgaged property by holder of mortgage operates as satisfaction of mortgage debt to extent of value of converted security.

Opinion on Rehearing.

**8. Sequestration ⬅20—Sureties on replevy bond held not liable for costs, in suit for conversion of property sequestered.**

Sureties on replevy bond *held* not liable for costs of trial court, in suit for conversion of property under writ of sequestration.

**9. Costs ⬅238(2)—Though trial court erred in taxing costs against sureties on replevy bond, costs of appeal held not assessable against prevailing parties below, where no objection was made.**

Where, in action for conversion of property under writ of sequestration, trial court erroneously taxed all costs against converter and sureties on his replevy bond, appellate court would not assess costs of appeal against appellees, where no complaint was made to action of trial court, and no assignment of error raised as to taxing costs against sureties.

**10. Appeal and error ⬅1033(8)—Holder of mortgage sequestering property whose claim was set off could not object to judgment against him for conversion on ground that mortgage allowed him to take possession.**

In action by holder of lien on oil-drilling property for conversion by holder of chattel mortgage in having such property sequestered, holder of mortgage, having asserted claim to ownership which jury found against him, could not complain of judgment which credited amount of note secured by chattel mortgage against damages for conversion on ground that his mortgage authorized taking any steps which might be necessary to recover property in question.

---

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
*Writ of error dismissed for want of jurisdiction March 9, 1927.

Appeal from District Court, Caldwell County; M. C. Jeffrey, Judge.

Suit by G. C. Walker and another against J. A. Williams and wife and E. M. Masterson, with suit by E. M. Masterson against G. C. Walker and another. The two suits were consolidated, and judgment was entered in favor of plaintiffs G. C. Walker and W. P. Walker, and defendants J. A. Williams, E. M. Masterson, and others appeal. Reformed and affirmed.

See, also, 287 S. W. 517.

C. F. Richards, of Lockhart, W. O. Slater, of Luling; and Lewis Fisher and Geo. G. Clough, both of Houston, for appellants.

E. B. Coopwood and Nye H. Clark, both of Lockhart, for appellees.

McCLENDON, C. J. On February 12, 1924, appellees G. C. and W. P. Walker brought suit against J. A. Williams and wife and appellant E. M. Masterson to recover against Williams and wife $3,000 as liquidated damages for breach of an oil well drilling contract, and to foreclose against all defendants a lien on certain drilling machinery given to secure the damage item sued for. The following day Masterson brought suit in the same court against the Walkers for title to and possession of the drilling machinery and sued out a writ of sequestration under which the property was seized. Masterson replevied the property on February 23, 1924. The two suits were consolidated and by amended petition appellees sought to recover of Masterson the value of the sequestered property, the value of its use, interest on such value, and exemplary damages. Other relief sought is not material to this appeal. Masterson, by amended pleadings, sought to recover the property as owner thereof and in the alternative to foreclose a chattel mortgage lien thereon securing a note which Williams executed to a third party, and Masterson afterwards acquired. He also sought damages against appellees for retaining the property prior to the sequestration writ. There was a trial upon special issues and a judgment upon the jury's answers in favor of appellees against Masterson and his replevy bond sureties for the found value of the sequestered property, less the amount of Masterson's note. From this judgment Masterson and his sureties have appealed.

There are no formal assignments of error and the only error assigned in the motion for new trial which raises any of the questions presented in the appeal is the first ground of the motion complaining of the trial court's action in overruling Masterson's general demurrer to appellees' amended petition.

The following statement of the case is sufficient to a clear understanding of the issues now before us: Appellees made a contract with Williams and wife, whereby the latter were to drill an oil well on property of the former to a depth of not less than 3,000 feet for a certain recited consideration. The contract stipulated $3,000 as liquidated damages in case of failure by the Williams to comply with their part of the contract. It also gave to appellees a lien upon the machinery placed upon the premises and used in drilling operations to secure the performance of the contract. The machinery was already subject to a prior chattel mortgage given by Williams to secure a note, which latter had been acquired by Masterson. The balance due on this note was $1,000 principal, 8 per cent. interest thereon from June 22, 1923, and 10 per cent. attorney's fees. Williams placed certain machinery on the premises and drilled to a certain depth, less than the 3,000 feet, however, and then abandoned the contract. Appellees claimed that Williams thereafter turned over the machinery in question to them in satisfaction of their claim for damages for breach of the contract. Masterson claimed that Williams had turned over the machinery to him in satisfaction of the chattel mortgage debt. The special issues submitted to the jury and their findings thereon follow:

"(1) Did Williams voluntarily abandon their contract, or were they forced to do so by acts and threats of Walker? Answer: Voluntarily.

"(2) Did Williams deliver all their property on plaintiff's land to Walker in payment of damages? Answer: Yes.

"(3) What was the reasonable market value of all the property removed from plaintiff's land by Masterson at the time said property was removed? Answer: $4,000.

"(4) Did Williams deliver the oil-drilling property to Masterson in satisfaction of the note? Answer: Yes.

"(5) To whom did Williams first make delivery of property? Answer: Walker.

"(6) If No. 5 is answered that delivery was first made to Masterson, then the jury are asked to answer what damages, if any, Masterson suffered by being unable to get possession of same."

Upon these findings the court awarded judgment in favor of appellees against Masterson and his replevy bond sureties in the sum of $2,828.89, with 6 per cent. interest thereon from February 13, 1924. This figure was arrived at by deducting from the $4,000 found by the jury to be the value of the machinery at the time of its removal under replevy bond, the principal of the Masterson note, $64.65 interest thereon, and 10 per cent. attorney's fees on said total amount, in all $1,171.11.

[1] Appellants' first proposition, which complains of overruling Masterson's general demurrer to appellees' amended petition is predicated upon the proposition that the petition seeks damages based upon the value of the property at the time the sequestration writ was issued, and not such value either at the time of the execution of the replevy bond

or at the time of the trial as provided in Revised Statutes 1925, art. 6857. This proposition is overruled. In paragraph 8 of plaintiffs' petition they set out the value of the property and allege that such was its value at the time and place of the wrongful acts on the part of Masterson thereinafter alleged. They further allege that the sequestration writ, the replevy, and subsequent conversion of the property were all wrongful. The petition is manifestly sufficient to recover upon the basis allowed in the statute cited.

[2] By the second proposition, appellants contend that the judgment of the trial court is not final because it does not dispose of Masterson's cross-action for damages against appellees for alleged wrongfully withholding the property prior to the sequestration writ. It will be observed that special issue No. 6 covering this phase of the case was submitted to the jury only in case the answer to issue No. 5 should be that Williams first made delivery of the property to Masterson. The answer to special issue No. 5 was that the property was first delivered to Walker, and consequently there was no answer to special issue No. 6. The case was unquestionably tried and submitted to the jury upon the theory that, if Walker first acquired title to the property from Williams, there could be no claim by Masterson for damages against the Walkers for its retention. There was no objection to the issues submitted, or to the form in which they were submitted, and the answer of the jury to the fifth special issue disposes in effect of Masterson's cross-action for damages, and it went out of the case by that finding. The fact that the judgment does not expressly dispose of the cross-action is immaterial. The effect of the judgment of which the special issues form the basis is to dispose of the cross-action, in that a judgment for damages against Masterson for wrongful conversion of the property necessarily negatived the right of Masterson to recover for its alleged wrongful detention by appellees. This holding is supported by Medearis v. Buratti (Tex. Civ. App.) 275 S. W. 617, and authorities there cited.

[3] Fundamental error is alleged in several propositions on the ground that special issue No. 3 submitted the reasonable market value of the property at the time it was removed instead of at the time sequestration bond was executed or of the trial, and on the ground that there is no evidence in the record as to the value of the property at the time the sequestration bond was executed or at the time of the trial.

Appellants' brief does not advise us of any difference in value at the time of removal of the property and at the time the sequestration bond was executed. There was no objection to special issue No. 3 as submitted and no objection to any of the testimony introduced. Nor is there any showing in appellants' brief, nor so far as we have found in the record, of any injury to appellants in submitting the issue in this form. We doubt whether we are at liberty to consider the questions thus raised as fundamental error. Masterson and his sureties were liable to appellees under the jury's finding for the value of the property at one of the times provided in the statute cited. If an incorrect measure of damages was submitted, it was incumbent upon appellants to file objections to the charge submitting it, and, in the absence of such objections, it cannot be subsequently urged. We overrule these assignments.

[4] It will be observed that the judgment assesses the damage as of the 13th of February, 1924. The calculation of interest on the Masterson note is to April 12, 1924, and the amount thus arrived at is deducted from the $4,000 found by the jury. Interest is awarded on the net amount thus arrived at at the legal rate of 6 per cent. per annum from February 13, 1924. Fundamental error is assigned upon this action of the court, which we sustain to the extent of the following holdings:

[5] 1. The amount due on the note is calculated to beyond February 24, 1924, the date the replevy bond was executed, and no complaint could be urged by appellees to this action.

2. No interest can be awarded on the net amount of appellees' recovery from the date of the replevy bond's execution to the date of judgment, for the reason that no interest was found by the jury as damages. See Davis v. Morris (Tex. Civ. App.) 257 S. W. 328, and authorities there cited. This case was affirmed on this question on writ of error to the Supreme Court. 272 S. W. 1103.

[6, 7] 3. Appellants contend that the amount of the note cannot be offset against the value of the converted property as of the date of the conversion, but that the offset must be made as of the date of the judgment. This rule would be correct were it not for the fact that the property converted was subject to a chattel mortgage to secure payment of the Masterson note. In such circumstances the authorities seem quite uniform in holding that a conversion of the mortgaged property operates as a satisfaction of the mortgage debt to the extent of the value of the converted security. See 11 Corpus Juris, p. 686, § 465, and notes 26 and 27, and authorities therein cited.

As the errors of the court thus pointed out were not called to the attention of the trial court, the costs of appeal should be assessed against appellants. See Merryman v. Bank (Tex. Civ. App.) 288 S. W. 840, and authorities there cited.

The trial court's judgment is reformed so as to award appellees' recovery against Masterson and his replevy bond sureties in the sum of $2,828.89, with 6 per cent. interest thereon from November 4, 1925, the date of the trial court's judgment, and all costs of all

courts, and, as so modified, and in all other respects, it is affirmed.

Reformed and affirmed.

## On Rehearing.

The following matters not noted in our original opinion deserve attention:

[8] Appellants assign error in "taxing all costs of all courts against all the appellants, principal as well as sureties, on replevy bond." We sustain this assignment to the extent that the sureties are not liable for the costs of the trial court under the following authorities: Collier v Myers, 14 Tex. Civ. App. 312, 37 S. W. 183; Henderson v. Brown, 16 Tex. Civ. App. 464, 41 S. W. 406 (writ denied); McLeod v. Craig (Tex. Civ. App.) 43 S. W. 934 (writ denied); Zimmerman v Pearson (Tex. Civ. App.) 51 S. W. 523; Pipkin v. Tinch (Tex. Civ. App.) 97 S. W. 1077; McIntyre v. Emerson (Tex. Civ. App.) 132 S. W. 947; Tripplett v. Hendricks (Tex. Civ. App.) 212 S. W. 754; Rose v. Brantley (Tex. Civ. App.) 262 S W. 193; Riggle v. Automobile Co. (Tex. Civ. App.) 276 S. W. 439.

[9] The judgment of the trial court taxed all costs against Masterson and his replevy bond sureties. There was no complaint of this action in that court, and no assignment of error raising the question. Under these circumstances the costs of appeal will not be assessed against appellees, for the reasons set out in our original opinion.

Both Masterson and his sureties were principals in the appeal bond, prosecuting a joint appeal from the trial court's judgment, and therefore costs of appeal are properly taxed against all of them.

[10] Appellants further contend that the trial court committed error in rendering any judgment against them "because the appellees contracted to and with the assignor of the notes purchased by Masterson to waive any damages whatever which might accrue in the premises, if it be found necessary to retake the property." The chattel mortgage contained two provisions which form the basis of this contention. The first was to the effect that the title to the property was retained in the seller until the notes were fully paid, and upon default therein the payee "shall have the right, and is hereby authorized and empowered, to take and resume possession of and to remove into such possession any or all of the above-described property wherever found," and the makers of the note "hereby waive any claim or action for trespass for damage on account of such taking." In the alternative the instrument provided that the payee in the note, instead of taking possession of the property in satisfaction thereof, should in case of default, either with or without suit, have the right to take possession of the property wherever found, without any liability for damages or other claim, sell the property at public or private sale,

and apply the proceeds as a credit upon the mortgage debt. Masterson did not resort to any of the remedies given him to take possession of the property without suit, but resorted to the courts for the enforcement of his rights, contending, first, that he was the owner of the property because it had been surrendered to him by the Williams in satisfaction of the note; and, second, in the alternative, that he had a chattel mortgage on the property which he sought to foreclose. He resorted to the legal remedy of sequestration to get possession of the property. The jury having found against him on his claim of ownership, there was only left his right of foreclosure. The judgment awarded him the full amount of his claim against the property, and the only judgment recovered against him was the actual value of the property taken under sequestration writ and converted by him, less the amount of his lien claim. Clearly he was not entitled to defeat appellees' rights which the judgment enforced by virtue of the mortgage instrument.

In order to conform to the above rulings our former judgment is set aside, and judgment rendered as follows: The trial court's judgment is reformed so as to award appellees recovery against Masterson and his replevy bond sureties in the sum of $2,828.89, with interest thereon from November 4, 1925, the date of the trial court's judgment. All costs of the trial court are assessed against appellant Masterson and all costs of appeal are assessed against appellant Masterson and his replevy bond sureties. In all other respects the trial court's judgment is left undisturbed, and that judgment as thus reformed is hereby affirmed.

Granted in part, and in part overruled.